### Case No. 7,184.

JAMES v. STOOKEY et al.

[1 Wash. C. C. 330.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

WASHINGTON, Circuit Justice. This direction of the surveyor general, is not given to an officer duly appointed and commissioned; and, it is clear, that, according to the authority given by the proprietary to the surveyor general, he had no authority of himself, to make such a deputation as this, without the approbation of the governor; and such seems to have been the common understanding and practice, so far as I can collect; for, strange as it may seem, no judicial opinion on the point has been given, or it would have been referred to. But circumstances, to show the approbation of the governor, may be resorted to; and, on this ground, the plaintiff relies upon the statement of this fact, in the letter of the surveyor general, and the order of the board of property. As to the first, the regulation of the proprietary, that no deputy should be appointed without his approbation, would be quite nugatory; if the bare declaration of this officer, that this approbation had been obtained, would give validity to his appointment. This, then, per se, will not do. As to the judgment on the caveat; this might be very important, if it appeared to us judicially, that that judgment referred to this survey. An attempt was made to establish this fact, by an agreement between Anderson, who styles himself agent for Dougherty & Smith, and James; stating the existence of the caveat, and referring to this land. But, the court refused to hear that paper; because, if part of a record be produced to prove a fact, and is deficient, you cannot help it out by evidence de hors the record, but must produce the whole record. I find, from [Fothergill v. Stover] 1 Dall. [1 U. S.] 6, that surveys have been supported, made upon special orders from the commissioners of property; but that was a source of authority, much higher than the surveyor general, for the governor was a member of that board. We must then decide, that this survey is inadmissible; that it forms a necessary link in the plaintiff's title; and, of course, that he must be nonsuited. At the same time, the objection is clearly a surprise upon him, in consequence of its having been read at the former trial, and not then objected to; if it had been, he might probably have proved enough to satisfy us, that the governor had approved the declaration of this fact by the surveyor general. The whole record in the caveat, and other papers, might have answered.

PETERS, District Judge, concurred in directing the nonsuit; but we afterwards set it aside on the ground of surprise.

In the progress of the cause, the following objections were made by the defendants' counsel, to papers offered by the plaintiff.

First; a diagram of this and the adjoining lands, made by George Woods, was offered, and objected to.

BY THE COURT. This, not being made under the authority of this court, and being intended to show the boundaries and situation of the lands, is inadmissible.

Second; a verdict and judgment in the supreme court of this state, between Lukins & Lytle v. Thomas Croyle [unreported], the person whose land the plaintiffs' warrant called for, to show the boundaries of Croyle's land to be adjoining the plaintiffs', as he claims, and to prove the claim of Croyle to it. This THE COURT overruled, as being between different persons, and upon a different question.