## Harry Croswell *against* Byrnes.

IN error, from the *Albany* mayor's court, or court of common pleas.

*Byrnes* brought an action of *assumpsit* against *Croswell*, in the court below. The declaration was on a bill of exchange, dated the 22d of *September*, 1810, for 124 dollars and 16 cents, drawn by *Henry Wiswell*, directed to the defendant below, by the name of *Henry Croswell*, payable to *Byrnes*, or order, on demand; which was *accepted* by *Croswell*, payable ninety days from the date.

The defendant below pleaded, 1. *Non assumpsit*; 2. That *Byrnes*, in *February* term, 1811, sued the defendant in the mayor's court of *Albany*, on the same bill, &c. and recovered judgment for 145 dollars and 25 cents, *prout patet per recordum, &c.*

The plaintiff replied *nul tiel record.* There was a trial by record, and *Croswell* did not appear, nor produce the record, on itself; but the *vacatur* must be enrolled, or entered of record. No proceeding is regarded as matter of record, until it is enrolled.

NEW YORK,
Oct. 1812.

Croswell
v.
Byrnes.

On the issue of *nul tiel record*, the record of a judgment was produced, to rebut which the plaintiff produced a rule of the court, subsequent to the judgment, setting it aside for irregularity. It was held that the entry of the rule on the minutes, could not be received as evidence against the record, which imports verity, and can be tried only by

which judgment was given for the plaintiff, *Byrnes*, on the second plea. On the first issue there was a trial by jury, and a verdict found for the plaintiff, on which judgment was given by the court below.

The *bill of exceptions* stated the pleadings and issues, and that the defendant, on the trial of the second issue, produced the record in support of the second plea, which record was set forth. It stated the declaration, in which the bill is described as drawn on *Harry Croswell;* that a judgment was entered by default, for want of a plea, for 145 dollars and 25 cents, damages and costs, and the judgment signed, and filed the 9th of *March,* 1811. It appeared further, that on the trial of the issue by record, after *Croswell* had produced the record above mentioned, the plaintiff, in order to disprove it, produced the book of the minutes of the entries in the court below, in which was entered a rule, in *August* term, 1811, by which the default, and all subsequent proceedings, were ordered to be set aside, for irregularity, with costs, and that *Croswell* be discharged from custody on the *ca. sa.* issued on that judgment. The court below decided, that the entry of the rule destroyed the record of the judgment; and that there was, therefore, a failure of record. It also appeared that, on the trial of the first issue, the plaintiff produced the bill of exchange, which was directed to Mr. *Henry Croswell;* on which was written, " accepted, payable in 90 days. *September* 22, 1810. *H. Croswell.*" The defendant objected, that this was not the same bill as that described in the declaration, as drawn on *Harry Croswell;* and that there was no such custom of merchants, as to a bill so accepted; that the parties were not merchants, and that the acceptance was not sufficient to charge the defendant, and moved for a nonsuit. The court below intimating an opinion that the alleged variance was fatal, the plaintiff produced the original declaration, filed on the 11th of *February,* 1811, in which the bill is stated to be drawn on *Henry Croswell.* The defendant's counsel insisted that the copy of the declaration served ought to govern, and not the original; but the court decided that the original declaration on file must govern, which was to be read *Henry,* and not *Harry,* and denied the motion for a nonsuit, on which a verdict was found for the plaintiff, under the direction of the court. To this opinion of the court a *bill of exceptions* was tendered, which was signed and sealed by the recorder.(a)

(a) On the last non-enumerated day of *January* term, before the cause was argued, the *Recorder* of the city of *Albany,* by virtue of a writ issued for that purpose,

The errors assigned were, 1. That the court below decided that the *rule* discharged the record, whereas the record produced was sufficient to maintain the issue of *nul tiel record*, and the rule was inadmissible.

2. That the court ruled, as to the first issue, that the evidence was sufficient to entitle the plaintiff to recover.

3. There was no plaint filed in the court below.

4. That the record states that the defendant pleaded on the first *Tuesday* of *August*, 1811, whereas no plea was filed on that day.

5. That no replication was filed, as stated on the record.

6. That the record states that the issue was joined in *September* term, 1811, whereas the *venire* was issued long before.

The cause was argued by *I. Hamilton*, for the plaintiff in error, and *H. Bleecker*, for the defendant in error.

It is necessary to state the argument on the first point only.

*For the plaintiff in error*, it was contended, that records, being of *absolute verity*, could be tried only by themselves.* The ancient practice was to enter a *recordatur*. Where matter of fact is mixed with matter of record, it must be tried by a jury.† A rule is not a record, but a *minute* only of the court. An estreat of a fine into the exchequer, is only a minute.‡ A writ of error removes only the record and process *enrolled*, not a rule, an ori-

*was brought into this court, to confess or deny his seal to the bill of exceptions. He came into court with *Lush*, the plaintiff's counsel, and the bill of exceptions being sealed, Mr. *Lush* delivered it into the hands of the *Chief Justice*, who, showing the seal to the *Recorder*, asked him if that was his seal put to the bill of exceptions, to which the *Recorder* answered in the affirmative.

*Sedgwick*, for the defendant in error, then prayed leave to ask some questions of the *Recorder*, as to the trial in the court below, and the manner in which the bill of exceptions had been drawn up and sealed ; to which *Lush* objected.

SPENCER, J. Did you ever hear of such a question being put on such an occasion?

*Per Curiam.* No other question can be put, than the one already asked: "Is this your seal, or not, put to this bill of exceptions?" To which the *Recorder* has answered. The statute authorizes no other question.*

NOTE. The *Recorder* then retired, and the court ordered the bill to be filed, and the *Chief Justice* handed it to the clerk for that purpose.

NEW YORK,
Oct. 1812.

CROSWELL
v.
BYRNES.

* 1 *Inst.* 260.
4 *Rep.* 52.

† 1 *Ld. Raym.*
211. 5 *Johns.*
*Rep.* 112. 6
*Johns. Rep.* 26.
‡ 1 *Ld. Raym.*
243.

* See *Money
and others* v.
*Leach,* 3 *Burr.*
1692. 1 *Bl.
Rep.* 553, S.C.

NEW YORK, ginal bill, or a warrant of attorney.* A rule cannot destroy or
Oct. 1812. vacate a record. The maxim is, *nihil tam naturale quam quid-*
CROSWELL *libet dissolvi eo modo quo ligatur.*† A vacatur of the judgment
v. should have been entered and enrolled.‡ A mere minute of a
BYRNES. rule is not a record, nor can it affect a record.

* *Jenk. Rep.*
25.
† *Jenk. Cent.*
120. 178.
‡ 2 *Johns.*     *For the defendant in error,* it was insisted, that where a rule is
*Cas.* 126.     obtained to set aside a judgment, even in this court, no entry of a
vacatur is ever required. The judgment is considered as a nul-
lity after the rule.

*Per Curiam.* On the issue of *nul tiel record,* a record of a
judgment corresponding with the plea was produced, and to rebut
that evidence, the plaintiff produced a rule of the same court, of a
subsequent term to the judgment, setting aside the judgment for
irregularity. There is no doubt of a competent power in the
court to make such rule; but the question is, whether the en-
try of such a rule upon the minutes, is to be received as evidence
against the record? It appears to be contrary to all the well-
settled technical rules upon the subject, to give the entry that
effect. A record imports verity, and can only be tried by itself.
The vacatur ought to be enrolled, or entered of record, as much
as the rule for judgment. The court could not receive the entry
on the minutes of a rule for judgment, as evidence to support a
plea of a former recovery, and why should an entry vacating a
judgment be received to contradict the enrolment of the judg-
ment? The maxim in this, as well as in other cases, is, that *nihil
tam naturale quam quidlibet dissolvi eo modo quo ligatur.* (*Jenk.
Cent.* 120.) To give an entry on the minutes that authority,
would destroy the certainty, order and solemnity of enrolments;
and it has been frequently held, that the courts cannot regard any
proceeding as a matter of record until it is enrolled. (1 *Salk.* 329.
1 *Ld. Raym.* 243. *Jenk. Cent.* 25.)

As the judgment for the damages is entire, and the plea of a
former recovery went to the entire right of action, it becomes un-
necessary to examine the other errors assigned, in respect to the
trial of the issue joined on the plea of *non assumpsit.* The judg-
ment rendered must be reversed *in toto.*

Judgment reversed.