Mr. Chief Justice Shaekey
delivered the opinion of the court.
This was an action of ejectment brought by Little against Surget for a lot of land, being part of section No. 77, in township No. 7, of range No. 3, west, in which- the plaintiff below *328 succeeds. The questions relied on for reversing the judgment are presented by three bills of exceptions, two of which were taken during the progress of the trial, and one to the judgment of the court, given in overruling a motion for a new trial.
The plaintiff introduced his title papers, consisting of a patent to the legal representatives of Henry Willis, for the section of land described in the declaration, and also mesne conveyances down to a title to the plaintiff. The deposition of Levin Wáiles was then introduced, accompanied by a survey referred to in his answers to the interrogatories. The object of this deposition was, to prove the actual boundary of the land conveyed by the patent, and as its admission constitutes the principal objection, it requires particular attention. The witness was asked if he had any knowledge of the land claimed by the plaintiff, as designated by the section No. 77, in township No. 7 of range 3, west. '
To this he responded that he had a knowledge of that section, having frequently seen the plan or diagram of it, as projected in the proper township map in the office of the surveyor of public lands, when the records of that office were under his charge as surveyor-general. He also knew the lines of the section on the ground, from a careful survey of them, in which he was governed by the courses and distances inserted on the plat, of which an authenticated copy was had from the register of the land-office, at Washington, and from the acknowledged lines of the adjoining lands. That.in the diagram marked Projection No. 1, to which deponent’s certificate was attached, the said section was correctly and truly represented by the lines shaded blue. The witness then stated that, in making the said survey, he commenced at an angle formed by the intersection of two of the blue lines, marked C, which was a corner common to several adjacent tracts of land, and a point which he had never heard controverted or doubted as such corner, and also of the section No. 77. In the next answer the witness proceeded to state that he knew the lot granted to Rebecca M’Cabe by the Spanish government, which lies within the boundaries of section No. 77, which knowledge he had also acquired from actual sur *329 veys, according to a copy of the survey from the register’s office, which lot was also correctly represented on his diagram by the lines shaded yellow. The witness had made two surveys of these lands, one in 1830, by order of court, in a suit between Little and Brustic; and some years afterwards another, by order of court, in a suit between Little and Wade. That, at the request of the plaintiff, he had recently measured along the street, from the point B to G, and found the distance to be two hundred and'ten feet. In Projection No. 2 he had given •the representation of Rebecca M’Cábe’s lot, from his own survey, made according to a plat from the register’s office. The Rebecca M’Cabe lot is the land claimed by defendant, and the recovery seems to have been sought, because he had possession of more land than hé was entitled to; and we have given enough of the evidence to show the force of the objection made, to the deposition.
The answer to the first interrogatory was opposed as evidence of location and boundaries, on the ground that the plaintiff had not produced the survey of fractional section 77, as contained in the surveyor-general’s office, or a copy thereof. The answers, in reference to the Rebecca M’Cabe lot, were objected to, because the surveys were made without any order of court appointing Wailes surveyor, and without notice to defendant; and also because they were wholly ex parte.
So far as the witness speaks of the boundary from his own knowledge, his answers are certainly free from objection. Boundary is always provable by parol; indeed it is not uncommon to resort to reputation to establish boundary. The grant or patent may describe the land; but extrinsic evidence is necessary'to apply the grant to the thing granted. The lines actually run on the land' have a controlling influence, and they can be identified only by parol testimony.
But there is another part of the deposition which presents more difficulty. The witness refers to two maps, the first representing a survey of section 77, and the second representing a survey of the M’Cabe lot. It does not appear certainly when these plats were made. It is certain, however, that they must *330 have been made some time before- the trial. The witness speaks of them as representing truly the lands described, and his knowledge is predicated on actual surveys previously made, but whether these plats were made at the time of making the surveys, does not appear. If we could regard them as having been drawn out at the time of testifying, as mere explanations of the answers, they would perhaps be unobjectionable, as mere parol evidence; for, as boundary may be proved by parol, it would seem to follow that suitable explanations, made at the time of testifying, by a diagram or otherwise, would also be admissible. But if they are to be considered as mere private surveys, made without an' order of court, and without notice to the opposite party, then they are objectionable, and so we think they must be regarded. The witness says, “ that in the diagram marked Projection No. 1, to a certificate on which my name is subscribed, the said section No. 77, in township No. 7, of range 3, west, is correctly and truly represented by the lines shaded blue. That, in making said survey, I commenced at an angle formed by the intersection of two of said blue lines,” &c. Again, “ in 1830 I made a survey of those lands, under an order of court, in a suit between P. Little and Benjamin Brustic.” “ Some years afterwards I made another survey of the same premises, by an order of survey, in a suit between P. Little, B. Wade, and others.”. These, and other like remarks of the witness, induce the impression that these plats are the result of some of those previous surveys, or that they were projections taken from those surveys. In either case they were inadmissible, even though the other surveys may have been made under ah order of court between other parties. As to these parties, such surveys are no better than any other private survey. Whether a private survey is admissible to establish boundary, we shall see by adverting to the adjudged cases.
In the base of James's Lessee v. Stookey, 1 Wash. C. C. Rep. 330, a diagram of the land in controversy was offered, but as it was intended to show the boundary of the land, and was not made under the authority of the court, it was ruled out.
In Chirac v. Reinecker, 2 Peters, 619, a map contained in a *331 book of maps was offered as evidence, but ruled out because it was not authenticated. Being unauthenticated, it tvas no better than a private survey, and therefore not evidence; and to the same effect is the case of Blake v. Doherty, 5 Wheat. 359. The case of Griffith v. Evans & Lewis, Peters’ C. C. Rep. 166, decides that a survey made without an order of court, is an ex parte proceeding, and inadmissible.
In the case of Bearce v. Jackson, 4 Mass. Rep. 408, the plaintiff offered in evidence a plan of the land described in the declaration, accompanied by the oath of the surveyor who drew it, attesting its accuracy. Parsons, C. J., remarked that a plan taken ex parte can never be used, except by consent.
In the case of Gerrish v. Bearce, 11 Mass. R. 193, a surveyor was offered to prove that he had, some years before, surveyed the land by order of court in another action, and that his survey gave a different result from that made by the surveyor appointed by order of court in the cause, and this testimony was refused, on the ground that a surveyor had been appointed by order of court, whose survey was an official act and better evidence. See also 1 Dallas, 19.
We have not here referred to any authorities the other way, and none have fallen under our observation, except the case of Jones v. Bache, 3 Wash. C. C. Rep. 199, which was not an action of ejectment. It is contended, however, that this same point was decided in the case of Bledsoe v. Little, 4 How. 13, but this is a mistake. The two cases differ in two important particulars. In the first place, in that case Wailes made the survey or projection under an order of court. It appears, from one of his answers to these interrogatories, that he then acted under an order of court, and we evidently considered his survey as having been so made. But again, when called on to testify, he produced his own diagram, and also a copy of the land-office map, and -stated that his survey embraced fractional section 77, mentioned in the patent, and this we said was conclusive. Here no copy of the official map is produced, and that is the very thing the defendant complains of, so the cases are entirely different.
*332 We know, judicially, that most of the lands in the state have been surveyed, and that official maps of the surveys are deposited in the surveyor-general’s office, and, bydaw, copies taken from those maps may be used in evidence. The plaintiff introduced a survey, and undertook to prove that it conformed strictly to the map or survey in the land-office. Whether if did so conform was a question for the jury, and it was susceptible of better proof than that which was offered. A copy of the official map would have shown the conformity of Wailes’s survey in the proper manner. This point is decisive of the case, and we have therefore deemed it unnecessary to notice the other questions raised.
The judgment must be reversed, and the cause remanded.