ANDREW YOUNG, Appellant, *v.* ROBERT E. THOMPSON, Appellee.

### APPEAL FROM BUREAU.

The rule is, that a record imports verity, and must be tried by itself. Therefore, where a sheriff's deed recited a judgment against premises, rendered at the May term, 1848, for the taxes due thereon for the year 1847, but the record failed to show at what term or year such judgment was rendered against said premises : —

*Held,* that the sheriff's deed must fall for the want of a foundation upon which to rest, and no title could be asserted under it.

THIS was an action of trespass *quare clausum fregit,* brought by the appellee against the appellant, and tried at the March term, 1853, of the Bureau Circuit Court, LELAND, Judge. The cause was submitted to the court for trial by the consent of parties, and judgment rendered in favor of the plaintiff below. The defendant below appealed. The facts sufficiently appear in the opinion of the court.

MILTON T. PETERS and GLOVER & COOK, for appellant.

T. S. DICKEY, for appellee.

TREAT, C. J. The plaintiff claimed title to the *locus in quo* by virtue of a sale for taxes. The sheriff's deed recited a judgment against the premises, rendered at the May term, 1848, for the taxes due thereon for the year 1847. The book in which the judgments against delinquent lands were recorded, showed a judgment against the premises in question and other real estate, for the taxes of 1847 ; but it did not appear therefrom, at what term, or in what year, the judgment was rendered. The preceding entry in the book was a judgment against delinquent lands, for the taxes of the years 1845 and 1846 ; but it did not appear when the judgment was rendered. The succeeding entry was a judgment against the delinquent lands, for the taxes of the year 1848 ; and it appeared from the caption to the judgment, that it was rendered at the May term, 1849. It appeared from the general record of the court, that the May term, 1848, was regularly held. The precept, under which the premises were sold, bore date on the 22d of May, 1848 ; and a certificate of the clerk at the foot of the judgment in question stated, that the precept was issued within five days after the rendition of the judgment. On this state of case, the circuit court sustained the plaintiff's claim of title.

In order to support the sheriff's deed, the judgment must have been entered at the May term, 1848. In our opinion, there was no legitimate evidence in the case to show that it was rendered at that time. It certainly did not appear of record, at what time the judgment was entered. This presented a fatal objection to the plaintiff's title. The rule is, that a record imports verity, and must be tried by itself. It must be complete and perfect in itself, without reference to extraneous circumstances. If deficient or imperfect, it cannot be assisted or aided by evidence *dehors* the same. Com. Dig. tit. Record, letters B. and E.; Croswell *v.* Byrnes, 9 Johns. 287; Elliott *v.* Piersol, 1 Peters, 328; Lessee of James *v.* Stookey, 1 Wash. C. C. 330. This record failed to show such a judgment as was described in the sheriff's deed, and the deed must fall for the want of a foundation upon which to rest. It may be that the circuit court, upon a proper application, will allow the record to be so amended as to show when the judgment was rendered. But until the record is thus perfected, no title can be asserted under the proceedings. It is not competent to sustain the judgment by recitals in the sheriff's deeds, or by certificates or statements of the clerk.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*