Ashley agt. Marshall.

## SUPREME COURT.

### ASHLEY agt. MARSHALL.

Where the plaintiff commenced a common law action to recover *damages* against the defendant, for forcibly entering the premises of the plaintiff and taking possession of personal property, (furniture,) and at the same time procured an *injunction* (quere action to get an injunction in,) to restrain the defendant from taking possession of, selling, removing, or in any manner interfering with the property, (and the plaintiff as soon as he got the injunction took possession and sold all the property at auction.) And the defendant, in his answer, after denying all the material allegations of the complaint, set up authority to take the property by reason of default made in the payment of a personal mortgage; and upon the trial of the issues, the referee found that most of the property belonged to the plaintiff, but allowed him nothing for the property, as he had recovered possession, but allowed him $25, for the intrusion of the defendant upon

the premises; and allowed the defendant a judgment for $138.87 against the plaintiff for the conversion of the defendant's share of the property,

*Held*, that although it appeared that the plaintiff's share of the property over and above what the defendant was entitled to, would have been sufficient in an action for claim and delivery to carry costs; yet, having prosecuted an action for damages, in which his adversary was in effect the successful party, *costs* must follow for the *defendant* as a matter of course.

*New York General Term, November* 1859.

*Present,* ROOSEVELT, CLERKE *and* SUTHERLAND, *Justices.*

APPEAL from a judgment at special term. The facts will sufficiently appear in the opinion of the court.

By the court—CLERKE, Justice. This action was commenced to recover damages against the defendant, for forcibly entering the premises of the plaintiff, and taking possession of the plaintiff's personal property, situated there, consisting, principally, of furniture. On the commencement of the action the plaintiff obtained an injunction to restrain the defendant from taking possession of, selling, removing, or, in any manner interfering with this personal property. The defendant, in his answer, claims this property by virtue of a mortgage, executed to him on the 13th November, 1855, by one Steckel, who was then in possession of the premises, and of the personal property in question. He also sets up, that in pursuance of the authority contained in the mortgage, he had a right to take possession of the personal property; but that after he had taken possession of it, and when he was about to remove and dispose of it, he was prevented from doing so by reason of the injunction, and, consequently, lost the debt, and suffered damage to the amount of his claim against Steckel.

He also denies every material allegation in the complaint.

It appears from the testimony before the referee, to whom the issues were referred, that at the commencement of the action most of the furniture mentioned in the com-

plaint belonged to the plaintiff; that he was the assignee, of an unexpired term of a leasehold interest in the premises, which was used as a hotel; that Steckel was in possession by permission of one Doolittle, whom the plaintiff allowed to occupy it; that Steckel kept it, consequently, as landlord from the first of May, 1855, until the month of May, 1856, and that having purchased furniture for the use of the hotel, from the defendant, Marshall, he gave the latter the mortgage above mentioned, on all the furniture there, including the articles which he had purchased from Marshall.

The mortgage having become forfeited, Marshall went to the hotel, took possession of all the furniture, and forcibly nailed up the doors of the rooms in which it was contained, and caused it to be advertised for sale. The plaintiff, however, as soon as he obtained the injunction, took possession of the furniture, and sold it all at auction. The referee, of course, allowed nothing to the plaintiff for his furniture, as he had already recovered possession of it, but allowed him $25 for the intrusion of Marshall into the hotel; and he gave to the latter a judgment for $138.87, with interest, against the plaintiff, as damages, on account of the conversion by the plaintiff of Marshall's share of the furniture.

If the defendant had set up in his answer a claim for this portion of the furniture, there could be no doubt that the referee would have been justified in allowing him this amount, or whatever it was worth. But, was this necessary ? The plaintiff claimed the whole, and the defendant claimed the whole, and in claiming the whole, he, of course, claimed the part to which the referee found he was entitled.

No separate claim or counter-claim for a part seems to me, therefore, necessary. Both parties claimed too much; the plaintiff failed to recover what he demanded, and having obtained possession of the whole and sold it, he

was clearly accountable to the defendant for the value of that portion of it which belonged to the latter. If the plaintiff claimed only as much as it was proved he was entitled to, and the defendant at the trial endeavored to prove that the plaintiff, during the same transaction, took possession and disposed of other property not included in the complaint, belonging to defendant, it would not be proper to allow such a defence without a formal counter-claim set up in the answer. But, in claiming the whole, he does in effect set up a counterclaim to the part which he proved belonged to him. It is a claim, counter or contrary to the claim of the plaintiff, who demanded the whole but was only entitled to a part, the other part belonging to the defendant.

As to the mere claim for damages arising from the injunction, it would not have been proper for the referee to have passed upon them. Nor does he appear to have done so. He considers that the defendant had established his right to a portion of the property in question, and gave him a judgment accordingly.

It seems to me, that the plaintiff, who had a good cause of action for an amount exceeding the amount that the defendant proved himself entitled to, should be compelled to pay the whole costs of the action to the defendant. If the defendant had kept possession of the whole and sold it, the plaintiff's share of the proceeds over and above what the defendant was entitled to, would have been sufficient to carry costs. But, from the form of the action, and the mode of procedure which the plaintiff has adopted, costs must, I think, be awarded to the defendant as the successful party. This is an ordinary common law action for damages; to be sure, an injunction is prayed for; but this, even if entirely proper to grant it under the circumstances disclosed in the complaint, does not make it an equity suit. I regard the whole procedure of the plaintiff anomalous and unfortunate. It was totally unnecessary

for him to have commenced the action in the form which he selected. If he commenced an action for the claim and delivery of the goods under chapter 2 of the Code, and the sheriff delivered them to him under the ordinary process for the recovery of specific personal property, and if he established his claim at the trial, still he would be entitled to the costs of the action, although he had obtained possession of the property. And this would have been quite as effectual a remedy, to say the least, as an injunction. Not having done this, but having prosecuted an action for damages, in which his adversary is, in effect, the successful party, costs follow for the defendant, as a matter of course.

The judgment should be affirmed, but without cost of the appeal.