————o————

HENRY CUNNINGHAM AND LAURA CUNNINGHAM, Respondents, vs. THE PACIFIC RAILROAD, Appellant.

| 61 | 33 |
|----|-----|
| 97 | 574 |

| 61 | 33 |
|----|-----|
| 48a | 462 |

| 61 | 33 |
|----|-----|
| 48a | 260 |

| 61 | 33 |
|----|-----|
| 117 | 155 |
| 54a | 264 |

| 61 | 33 |
|----|-----|
| 125 | 444 |

| 61 | 33 |
|----|-----|
| 154 | 157 |

1. *Railroads—Taking material in construction of—Statutory method of ascertaining damages—Failure of parties to agree as touching, non-recital of in record of justice—Service on parties by justice of the peace, proof as to.—* 1st. The method of procedure for ascertaining damages done the owner by taking material from his land for the construction of a railroad (R. C. 1855, ch. 39, § 22 ; see also Wagn. Stat., p. 302–3, § 11), is a summary one, and must be strictly pursued, and every essential pre-requisite, called for by the statute, must affirmatively appear on the face of the proceedings in order to give them validity. Thus the failure of parties to agree, as to the value of the material taken, is a jurisdictional fact, necessary to empower the justice to appoint house-holders to ascertain the damages, etc., as in the above section provided; and in suit upon the award, made by the appraisers, the failure of the record of the justice to recite such non-agreement is an omission fatal to recovery ; and it is an omission, also, which parol evidence cannot supply.

2nd. But even in ordinary actions before a justice of the peace, his jurisdiction must somewhere appear on the face of the proceeding, in order to their validity. And where the record fails to show that the defendant was notified as the law directs, this defect cannot be supplied by parol proof that a summons alleged to be lost, was issued by the justice, and served by the constable, unless that proof goes further, and shows, also, the substantial contents of the summons, and of the return thereon : establishing the facts on whom, and by whom, the service of the writ was had, and the method of that service.—(McCloon vs. Beattie, 46 Mo., 391, approved.)

*Appeal from Jackson County Circuit Court.*

3—VOL. LXI.

*John N. Litton*, for Appellant.

I. The record of the justice was a nullity, because it failed to show affirmatively, upon its face, that an attempt to agree upon the damages done, was made before the appointment of the appraisers. This is a condition precedent to the authority of the justice to make the appointment, and to the authority of the appraisers to act. It is a jurisdictional fact. (1 R. C. 1855, 421, § 22; 1 Wagn. Stat., 302, § 11; Ells vs. Pacific Railroad, 51 Mo., 203; Leslie vs. City of St. Louis, 47 Mo., 474; Anderson vs. City of St. Louis, 47 Mo., 485; Lind vs. Clemens, 44 Mo., 540; United States vs. Reed, 56 Mo., 565; 3 Johns. Cas., 108; 1 Redf. Railw., 239. §§ 65 *et seq ;* Cool. Const. Lim.; Hansburger vs. Pacific Railroad, 43 Mo., 196; State vs. Metzger, 26 Mo., 65; State vs. Woodson. 41 Mo., 227; Schell vs. Leland, 45 Mo., 289; Lacey vs. Williams, 27 Mo., 282; Bush vs. Schneider, 27 Mo., 103; McCloon vs. Beattie, 46 Mo., 391; Dillard vs. St. Louis, K. C. & N. R. R. Co., 53 Mo., 74; Thatcher vs. Powell; 6 Wheat., 119; Comm. Ct. of Talladega vs. Thompson, 18 Ala., 694; 16 Ind., 310.)

*F. M. Black*, for Respondents.

I. The instructions, and especially those which were given for defendant, require all the jurisdictional facts to be shown by the plaintiff, aside of the recitals of the justice and award.

II. By the statute defendant had the right of appeal from the award made by the Commissioners and could have reviewed the whole matter in the Circuit Court, but having failed to do so, none of the matters raised by the record are subject of review.

SHERWOOD, Judge, delivered the opinion of the court.

Action on an award, made in 1864, by three householders, appointed by a justice of the peace, under the provisions of § 22, ch. 39, 1 R. C., 1855, whereby it is provided that if the owner of land and the railroad company " *cannot agree* " as to the damages done in consequence of taking materials from the land in constructing the road, those damages shall be ascertained by "three impartial and disinterested householders,"

but that the applicant for such an appointment of commissioners must show to the justice that ten days notice had been given to the other party prior to making the application, and no award is to be obligatory without such notice.

It will be readily seen that the method of procedure, as above pointed out, is a summary one. The well settled rule in such cases is, that the statute which gives a remedy of this character must be strictly pursued. And it is equally certain that compliance with every essential pre-requisite of the statute, conferring the authority, must affirmatively appear on the face of the proceedings had, or else they will be possessed of no validity whatever. And the same doctrine obtains, and with equal strictness, in courts of general, as in courts of inferior or limited jurisdiction. And the reason assigned for the rigidity of the rule is, that these summary and statutory proceedings are in derogation of common law and common right, and, therefore, should be confined within the precise boundaries laid down and marked out by the statute, which gives origin to such extraordinary remedies.

In the case before us the record of the justice fails to recite that the parties could not agree. This is a fatal defect; for it is only upon such failure that the justice has any authority to act. By reason of this, the failure of the parties to agree becomes a jurisdictional fact, which, of necessity, must appear on the face of the proceedings in order for them to wear the hue and complexion of legal validity.

The statute under consideration which, at the instance of an individual, compels a railroad company to pay as damages an amount assessed by three men, in whose selection it has had no choice, is clearly not distinguishable in point of principle from one which permits such company to condemn in a manner equally summary the land of a private person. And yet, under a statute of the latter description, where it was provided that proceedings for the condemnation of land for the right of way might be instituted, upon the refusal of the owner to relinquish the same, it was held that, although the proceedings were had in the Circuit Court, the refusal of the owner to relinquish was a jurisdictional fact, in the ab-

sence of the recital of which, the judgment of condemnation was worthless. (Ells vs. Pacific Railroad, 51 Mo., 200; Lind vs. Clemens, 44 Mo., 540; Leslie vs. The City of St. Louis, Id., 479; Reitenbaugh vs. Chester Val. Railroad Co., 21 Penn. St., 100.)

And the record in such cases must be perfect and complete in and of itself, and cannot be eked out by extraneous evidence. (Young vs. Thompson, 14 Ill., 380 and cases cited; Nicholas vs. Bridgeport, 23 Conn. —; Kellogg vs. McLaughlin, 8 Ohio, 116.) So that even if the attempts made by the plaintiffs at the trial to supply any deficiency in the record of the appointment of the commissioners who made the award had been successful, it would have been of no avail.

But even were we to treat the steps taken, which resulted in the award, as an ordinary action before a justice of the peace, and therefore hold the rigid rule heretofore spoken of as inapplicable here, it is not seen how this would better the case of the plaintiffs, as another rule, equally potent in precluding them of a recovery, comes in and asserts itself. That rule is this: where the proceedings of inferior courts, whose method of procedure is not in accordance with the course of the common law, are called in question, the jurisdiction of those courts being thus special and limited, will not be presumed, but must, of necessity, appear and be distinctly disclosed on the face of those proceedings; otherwise no validity will attach thereto. (Hansberger vs. P. R. R. Co., 43 Mo., 196; State vs. Metzger, 26 Mo., 65.)

Here the record of the justice fails to show, as above stated, the inability of the parties to agree, and, in addition to that, fails also to show that the defendant was notified, as the law directs. Nor is this lack supplied by the testimony in reference to a "summons issued by the justice and served by the constable of Kaw township, on some local agent of Kansas City," as the witness does not pretend to state the contents of the summons, nor of the return thereon, nor on whom nor how served. (McCloon vs. Beattie, 46 Mo., 391.) When it is attempted to supply, by parol, the contents of a lost instru-

ment, the testimony should certainly be of a more explicit character than that above mentioned, and should substantially supply the loss which has occurred, so that the nature and contents of the lost paper can be, in substance, ascertained, and not be left to mere conjecture.

There were numerous other points in the record, to which our attention has been called, but it becomes unnecessary to notice them.

In conclusion: whether, then, we regard the proceedings had before the justice, which resulted in the award, as of an ordinary or of an extraordinary and summary character, the result reached must be the same, that they furnish no valid basis whereon that award can rest.

Judgment reversed ; Judge Vories absent ; Judge Hough not sitting, having been of counsel : the other judges concur.