JOHN C. DERBY, ON BEHALF OF HIMSELF AND ALL OTHER CREDITORS INTERESTED UNDER THE ASSIGNMENT OF TIMOTHY CHAPMAN, Appellant, v. JUSTUS YALE, CALEB B. CORSER, AS ADMINISTRATOR, ETC., OF FRANCIS E. CHAPMAN, JOHN CHAPMAN AND TIMOTHY CHAPMAN, RESPONDENTS.

*Action for an account — former accounting must be pleaded, to be a bar to — not a bar unless judgment was entered — " Stale demands " — power of court to refuse to enforce — Action brought by one creditor in behalf of himself and others — who bound by.*

This action was brought by a judgment creditor of one Timothy Chapman, in behalf of himself and of all other creditors who might join therein, to compel the assignees of said Chapman to render an account. Upon a hearing before a referee the counsel for the defendants insisted that the action could not be maintained, for the reason that a former accounting had been had between the creditors of the said Chapman and the assignees.

*Held,* that such former proceedings should have been set up in the answer, and that, not having been pleaded, they could not be proved in bar of the present action.

The referee had made his report in the former action and the same had been filed, but no judgment had been entered thereon. *Held,* that until a judgment had been entered the former action could not be pleaded as a bar to the present one.

Although, in former times, courts of equity have refused to enforce " stale demands," yet since the adoption of the Code prescribing limitations for both

legal and equitable actions no court can refuse to entertain an action on account of the staleness of the demand, providing it be brought within the time prescribed by the statute.

Where an action is brought by some of the creditors of a debtor, in behalf of themselves and all others similarly situated who shall come in and contribute to the expenses of the action, none but the plaintiffs therein acquire any vested interest in such an action, or are bound thereby, until a final judgment has been entered therein.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought by the plaintiff, a judgment creditor of one Timothy Chapman, in behalf of himself and all others similarly situated, to compel the assignees of the said Chapman to render an account, and also to set aside certain conveyances of portions of the assignor's property, alleged to have been fraudulently conveyed to one John Chapman by said assignees.

*H. H. Woodward* and *J. C. Cochrane*, for the appellant.

*George F. Danforth*, for the respondents.

MULLIN, P. J.:

The plaintiff brought this action in behalf of himself and such others of the creditors of Timothy Chapman, as should come in and contribute to the expenses of the suit to compel the defendants, Justus Yale and Caleb B. Corser, as administrators of Francis E. Chapman, to account for moneys received by said Chapman, Yale and one James C. Campbell, as the assignees of one Timothy Chapman, and to compel the defendant John Chapman to deliver to a receiver for the benefit of the plaintiffs and other creditors of said Timothy, property that belonged to the said assignees and which had been fraudulently transferred to him.

Timothy Chapman, in August, 1853, was a merchant residing and doing business in Rochester, and being largely indebted and unable to pay his debts in full, did, on the tenth day of that month, make an assignment of his property for the benefit of his creditors. The assignees accepted the trust, sold the assigned property and realized therefrom some $60,000. The plaintiff holds by assignment several judgments against Timothy Chapman, and it is to obtain payment of those judgments that this action was brought.

It is alleged in the complaint that the assignees failed to apply the assets received under the assignment to the payments provided in the assignment, and that a large sum, to wit, $20,000, was in the hands of Chapman, one of the assignees, which he neglected to apply to the payments of the creditors of said Timothy Chapman, but on the contrary, fraudulently transferred the same to the defendant John Chapman.

Campbell, another of said assignees, was dead when the action was commenced and his estate is insolvent, and Chapman, another of said assignees is dead, and his estate is said to be insolvent; but the referee says in his report, that the insolvency of his estate is not proved before him. Yale and the administrator of Francis E. Chapman, the only persons who appear claiming to represent the assignees, deny that they neglected to pay the creditors provided for in the assignment to the extent of the means realized from the assigned property, and insist that they paid some of the creditors out of their individual property.

It is claimed, by way of defense, by the defendant Yale, that, in 1856, Daniel Graves, a creditor of said Timothy Chapman, the assignor, in behalf of himself and other creditors of Timothy Chapman, commenced an action in this court against the assignees for an accounting and payment of their debts out of the assets in the hands of said assignees; that Graves subsequently died and one Blossom was substituted in place of Graves as plaintiff, and that Yale and Francis E. Chapman appeared in the action and such proceedings were had that it was referred to a referee to state the account between the assignees and the creditors; and the parties appeared before him and were heard by counsel, and the referee made a report, by which he found that the defendants, the assignees above named were liable to the plaintiff in that action, to the amount of the claim held by him, by reason of said assignees having paid that sum to creditors in a class of creditors, whose debts were, by the assignment, not to be paid until after the payment of the class in which such claimant's debt was included.

After this report was made and delivered, an agreement was entered into between Blossom, Yale and Clark, the assignees of a judgment that Martin had recovered against Yale, and one Stewart, the assignee of a judgment against Timothy Chapman, in favor of

one Chancey, whereby it was agreed that Yale should pay $2,000 and the costs of the suit, and Yale was to be discharged from liability as assignee; the arrangement was not to discharge the liability of the other assignee, nor was it to operate as a discontinuance of the action of Blossom. Blossom, Stewart and Clark executed under their hands and seals a release in accordance with the above agreement to Yale, and delivered the same to him.

· While the action was pending before the referee he issued a summons underwritten, notifying the creditors of Timothy Chapman of the pendency of the matter before him, and of the time and place at which he would hear the parties. No judgment was entered on the report of the referee, nor has any thing been done in the action since the report was made.

The defendant, John Chapman, denies having any property, belonging under the assignment, obtained fraudulently. After the recovery of the judgment held by the plaintiff in this action, an agreement was entered into between him and Timothy Chapman, by which the plaintiff agreed to advance money to Timothy, to be used by him in buying up judgments recovered against Timothy, to be assigned when purchased to the plaintiff to be held and enforced by him; and what should remain of the avails, after paying to plaintiff the money advanced by him, and a debt due to him from Timothy and a certain amount for compensation for his services under said agreement, should be paid to said Timothy. The judgments held by plaintiff and to enforce payment of which this action is brought, were transferred pursuant to this agreement.

The referee to whom the issues in this action were referred for trial, finds among other things, that transfers of property by Francis E. Chapman to John Chapman, were made for a valuable consideration. The referee finds that there was an accounting in the action brought by Blossom, and that Yale was released by all the creditors of Timothy Chapman who appeared in that action, with the knowledge and consent of said Timothy. The books and papers relating to the assignment have been accidentally destroyed. The referee says in his report that it does not appear by the proofs before him that any moneys have been received by either of the assignees since the accounting, nor that any property belonging under the assignment, has come to their hands since that time, nor that either of

the assignees have retained any money belonging to the assigned estate, nor that they have been requested to render a new account, nor that Yale is insolvent, nor that Campbell, the other assignee, died insolvent or intestate, or that execution had been issued on either of the plaintiff's judgments, or that any one of the conveyances or transfers was fraudulent or made with any fraudulent intent. The referee held that plaintiffs were not entitled to another accounting.

The accounting demanded in the complaint in this action is resisted on the ground, hereinbefore stated, that there was an accounting in the former action between the creditors of Timothy Chapman and his assignees, and that the creditors are thereby precluded from having another. If such former accounting is a bar, it should have been pleaded, and not being pleaded, the defendants are not entitled to prove such action and accounting in bar of the present suit. (1 Wait's L. and P., 948.) But such former accounting is not a bar, no judgment was entered in it, and without a judgment it cannot be a bar to a subsequent action. (1 Chitty P. [11 ed.], 582, 544, 478 ; note *c*, 636, 637.) Except in courts that do not possess the power of setting aside their own judgments or of granting new trials, no evidence will be received to establish a former judgment except the record itself. (*Croswell* v. *Byrnes*, 9 Johns., 287, 290.)

The respondent's counsel seeks to avoid the effect of the rule requiring proof of a judgment, in order to defeat a recovery in this suit, by suggesting, first, that the demands of the plaintiff are stale demands and ought not to be enforced in a court of equity. The Court of Chancery in this State, prior to the adoption of the Revised Statutes, in 1829, did refuse relief to persons seeking to enforce stale claims, as they were called, but at that time there was no statute of limitations requiring suits in that court to be brought within a certain limited number of years from the time the right of action accrued, unless a limitation may have been applied in a few cases. By the Code, a limitation is provided for both legal and equitable causes of action ; and it is not competent for any court to refuse a party the benefit of such limitations. To do it would be to repeal or alter the statutes by judicial legislation.

Second. The counsel says the relief prayed for ought not to be granted, because the plaintiff is joint owner of the judgments sought

to be enforced, with Timothy Chapman, the assignor in the assignment mentioned in the complaint, and that plaintiff ought not therefore be permitted to have an accounting. I am not prepared to say that the arrangement referred to is unlawful; it would seem to be a roundabout way for compromising Chapman's debts. The creditors received for their claims, which they assigned to plaintiff, an amount with which they were satisfied at the time, and neither the assignees of Chapman, nor other creditors, have any right to complain. But, should there be another accounting, the question whether the whole or only part of plaintiff's claim can be allowed, will properly arise, and can then be determined, after a fuller examination of it than it has received on the argument of this appeal.

Third. It is further insisted that the plaintiff, or those he represents, are bound by the former accounting, because the referee issued a summons requiring Timothy Chapman's creditors to appear before him at a time and place named, and that the creditors were thereby made parties to the action. I do not understand the law as stated by the counsel. On the contrary, it is held in *Duffy* v. *Duncan* (32 Barb., 587), that in order to bind persons not parties, by a judgment in an action brought by the plaintiff in his own behalf, and of such others as should come in and contribute toward the costs, they must make themselves parties by proving their debts, or in some other way, in conformity to the practice applicable to such cases; and in the same case, on appeal to the Court of Appeals (35 N. Y., 187), LEONARD, J., said there had been no final decree, and of course no accounting.

It was held in *Mattison* v. *Demarest* (1 Robt., 717) that no other creditors of a debtor acquire any vested interest in any action brought by some of his creditors against him and others, on behalf of themselves and all others similarly situated who shall come in and contribute to the expenses of such action, except those by whom such action shall be instituted, until after judgment in the action. No judgment being entered in the former action, no one except those who were named in the complaint as plaintiffs, were parties to it or bound by it.

In *O'Brien* v. *Browning* (49 How. Pr. Rep., 110), it is held that until an order or judgment has been entered in the action brought by plaintiff in behalf of themselves and all others who come in, under

which they can come in and prove their debts, no creditors other than the plaintiff in the action are authorized to interfere in the suit. If this proposition be law, then the plaintiff was never a party to the action nor bound by the proceedings before the referee.

In *Innes* v. *Lansing* (7 Paige, 583), the chancellor held that until a decree in an action brought in behalf of plaintiff and others, the plaintiff could discontinue the suit and the defendant could compel a discontinuance on satisfying the claim of the plaintiff, and, in such a case, until decree, any other creditor may commence an action. (See, to same effect, *Tremain* v. *Guardian Mutual Ins. Co.*, 11 Hun, 286.)

Fourth. It is further suggested that no accounting should be ordered, because two of the assignees are dead, and the books and papers pertaining to the assignment are lost or destroyed. If it rested in the discretion of the court whether an accounting should be ordered, we might, in view of the lapse of time and the embarrassments surrounding the case, deny an accounting, but the right is a legal one and the court has no power to refuse to order it, if a case for it is established on the part of the plaintiff. No reason is produced why resort was had to a second action to obtain an accounting by the assignees. The former suit has never been discontinued; on the contrary, it was expressly provided in the agreement between Yale and the plaintiff and the other creditors of Chapman, the assignor, that the settlement with Yale and the agreement to release him, should not operate as a discontinuance of the suit. If a new referee was appointed in that suit, and the case referred back to him to state the account between the creditors of Chapman and the assignees and to find and report how much has been paid, to whom, and how much money is due to creditors who have not been paid, in full, pursuant to the provisions of the assignment, creditors who have not been paid could then come in, and those who did not come in might be precluded from obtaining any share of the assets of the assigned property, and thus the rights of all parties be protected. This would seem to me to be the best way out of the embarrassments under which both parties to the suit are now laboring. But whether it is practicable, counsel, who are more familiar with the case than I can be, are much better able to determine.

If it shall turn out that, by reason of the death of two of the assignees and the loss of the books and papers, a proper accounting cannot be had, the referee, should one be appointed, will be able to ascertain the fact, and the court, on the coming in of his report, can make such order as will be just between the parties. Until an accounting is had, the question whether the plaintiff is entitled to a judgment against the defendant Hall cannot be entertained. The amount to which plaintiff is entitled out of the assets of the assigned property, if any, in the hands of the assignees, should be first ascertained; and if any thing shall then remain due, the remedy, if any, against Hall, may be resorted to.

The judgment must be reversed and a new trial granted before another referee, costs to abide event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment reversed and new trial ordered before another referee, costs to abide event.