## A. A. Vestal v. The State.

1. Former Jeopardy. — The constitutional guaranty against second jeopardy is limited to cases affecting life or liberty. If, however, on a trial for an offense which involves life or liberty there can be a conviction for a minor degree which does not, then a former conviction or acquittal of such minor degree will bar a second prosecution for the greater offense.

2. Same. — If, for an offense involving life or liberty, a party be once placed upon his trial, on a valid indictment, before a competent court, with a competent jury duly impaneled, sworn, and charged with the case, he is then placed in jeopardy from a repetition of which upon the same indictment, or upon any other indictment for the same offense, the constitutional guaranty forever protects him; and, after such jeopardy has once so attached, a discharge of the jury, without his consent, before they have rendered a verdict, is equivalent to an acquittal. *Parchman* v. *The State*, 2 Texas Ct. App. 228, cited with approval.

3. Record. — Parol evidence is not admissible to contradict, vary, or falsify a record. The admissibility of such evidence to prove what matters were litigated in a previous suit is limited to cases wherein the record is silent or ambiguous.

4. Same. — To amend or supply a record in a criminal case at a subsequent term, a proceeding for that special purpose is necessary.

5. Same — Case Stated. — To an indictment for aiding an escape the accused pleaded former acquittal, setting out a former indictment and judgment whereby it appeared that, despite his objection, the state, after submitting the case to a jury, was allowed to dismiss it before verdict. To this plea of former acquittal the attorney for the state filed a replication, alleging, in effect, that the former indictment was in fact quashed, though not so shown by the record. *Held*, error to entertain the replication and allow the record contradicted by parol evidence.

APPEAL from the District Court of Ellis.   Tried below before the Hon. Z. HUNT.

The opinion discloses the case.

*A. A. Kemble*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.   In addition to his general plea of not guilty, the defendant in the court below interposed the two special pleas of *autrefois acquit* and former jeopardy.

Without noticing the many interesting questions so ably presented in the oral argument and brief of the counsel for appellant, we propose to limit our investigation to the matters of law incident to the plea and proceedings growing out of the plea of former jeopardy, believing that a discussion and adjudication of these questions will necessarily dispose of the appeal in this case.

The 14th section of the Bill of Rights, article 1, of the Constitution, provides that " no person, for the same offense, shall be twice put in jeopardy of life or liberty ; nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."

It appears from the record before us that on September 10, 1875, the appellant and several other parties were jointly indicted in the District Court of Ellis County.   The indictment contained two counts — one for an unlawful assembly and the other for a riot.   The first was based upon articles 1984 and 1989, Paschal's Digest, charging that the unlawful assembling together was for the unlawful purpose of rescuing a prisoner, one Asberry Fortson, legally arrested upon a charge of murder, and at the time in the custody of the deputy sheriff of Smith County.   The second count was based upon articles 1996 and 2001, Paschal's Digest, and

charged that the parties engaged in a riot, and forcibly rescued said prisoner from the custody of said deputy sheriff.

On May 19, 1876, the defendants were brought to trial upon this indictment, when the record discloses the following disposition of the case, viz. :

" *The State of Texas* v. *A. A. Vestal* et al.    No. 1222. Riot :

" Now comes R. S. Bynum, who prosecutes the pleas of the state in this behalf, and, after the cause had been submitted to a jury, and several witnesses examined for the state, says he will no further prosecute herein ; to which defendant excepted, demanding a verdict from the jury. It is, therefore, considered by the court that the state of Texas take nothing by her said suit, and that the defendant, as to the offense in said indictment charged, go hence without day."

On January 20, 1876, another indictment was returned by the grand jury of Ellis County, jointly charging defendant and others, under article 1950 of Paschal's Digest, with willfully aiding Asberry Fortson, charged with murder, to escape from the legal custody of the deputy sheriff of Smith County.    It was to this indictment that appellant interposed the special pleas above mentioned, in substance averring that he had theretofore, on May 19, 1876, been put upon trial and in jeopardy for the same offense, and that the action of the court in dismissing the case over objection, on May 19, 1876, after the trial had been gone into, was in law tantamount to an acquittal ; and he pleaded all the facts fully, claiming that they operated as a bar to a further prosecution of the case.

In a sworn replication to these pleas the county attorney alleged that on May 19, 1876, the first indictment, so far as the second count was concerned, was held by the court to be wholly defective, and that the indictment was in fact

quashed by the court, so far as it attempted to charge a riot, before a jury was impaneled in the cause, and before the trial was gone into; that defendant, when placed upon trial, was only called to answer, and only pleaded, to the first count in the indictment, which was for an unlawful assembly. He alleged, however, that these facts did not appear of record, because the presiding judge failed to enter upon his docket a note or minute of the order quashing the second count of the indictment, and that the clerk also failed to enter the same upon the minutes of the court. Exceptions to, and a motion to strike out, this replication were made by the defendant, which were overruled by the court.

On the trial the evidence adduced in support of the replication is thus recited in the statement of facts, viz. :

" J. P. Shelton, Joe Barron, Herrin, and others testified that, as they understood, the former trial, in May, 1876, was for an unlawful assembly, the second count in the indictment being, as they understood, demurred out. Mr. Bynum and Mr. Nash, attorneys who were prosecuting for the state at the time, also testified that the demurrer to the second count in that indictment was in fact sustained by the then judge, Burford; and it also appears, from the dockets and order books of that term, that no notice or note of such ruling was made by the judge or clerk."

The important question suggested by the history of the proceedings thus detailed is : Was parol evidence admissible to supply the defects and omissions in the record, so as to show what was actually the *status* of the case on the first trial?

This question is all-important, for these reasons :

1. If the second count, charging a riot, which is, under our law, a felony, and " punished by confinement in the penitentiary not less than two nor more than seven years " (Pasc. Dig., art. 2001), was quashed, and that fact has been properly and legally established, then defendant's plea

of former jeopardy cannot avail him, because the first count in the indictment only charged an unlawful assembly, which, under our statute, is a misdemeanor punishable by "fine not exceeding five hundred dollars." Pasc. Dig., art. 1989.

As seen from the provision heretofore quoted, the constitutional guaranty against second jeopardy is limited to cases affecting "life or liberty." Const., sec. 14, art. 1. This is the general rule. We are not unmindful of the fact that there is the well-recognized exception to this general rule "that, if on the trial of the major offense there can be a conviction of the minor, then a former conviction or acquittal of the minor will bar the major." Whart., sec. 563. And it is in connection with this that the same author says: "When the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea of former acquittal or conviction is generally good; and this is true although the first trial was for a misdemeanor and the second for a felony. Whart., secs. 565, 566. "But we do not understand from this that the first charge and trial might have been for a misdemeanor of which the accused could not have been convicted on the indictment for the second — as for an offense of a different nature, and not merely one differing in degree." *Thomas* v. *The State*, 40 Texas, 36.

2. It seems now to be quite as well established by authority as in reason "that, when a party is once placed upon his trial for a public offense, involving life or liberty, on a valid indictment, before a competent court, with a competent jury duly impaneled, sworn, and charged with the case, he has then reached and is placed in jeopardy, from a repetition of which, upon the same indictment, or any other indictment for the same offense, this constitutional shield forever protects him; and, after the jeopardy has once so attached, a discharge of the jury without the consent of the defendant, before they have rendered a verdict, is equiva-

lent to a verdict of acquittal." See the question discussed and authorities collated in the able brief of counsel for appellant in the case of *Parchman* v. *The State*, 2 Texas Ct. App. 228.

In the case of *Parchman* v. *The State*, upon the question as to how far a discharge of the jury, without the consent of the defendant, will operate as an acquittal, this court said: " We believe, after a careful examination of the authorities, that if the court had no jurisdiction of the cause, or if the indictment was so defective that no valid judgment could be rendered upon it, or if by any regular necessity the jury are discharged without a verdict — which might happen from the sickness or death of the judge of the court, or the inability of the jury to agree upon a verdict after sufficient deliberation and effort — or if the term of the court as fixed by law comes to an end before the trial is finished, or the jury are discharged with the consent of the defendant, expressed or implied, or if, after verdict against the accused, it has been set aside on his motion for a new trial or in arrest of judgment, the accused may, in all such cases, again be put upon trial for the same facts charged against him, and the proceedings had will constitute no protection. But, when the legal bar has once attached, the government cannot avoid it by varying the form of the indictment. If the first indictment was such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained, then the jeopardy which attached on the first must constitute a protection against a trial on the second." 2 Texas Ct. App. 228.

3. In the estimation of this court the second count in the first indictment, or, rather, the first indictment taken as a whole, fully, sufficiently, and legally charged the defendants with a riot (which, as we have seen, is a felony), and if the fact existed, as was attempted to be established by the parol evidence, that the court quashed the portion

charging the riot, then we think the action of the court was erroneous, because the indictment was good, as a whole, for riot. If the indictment was good for riot, and the defendant was put upon trial to answer that offense, there can be no question of former jeopardy, if the facts necessary to prove that offense are the same as those necessary to establish the case made by the second indictment, for unlawfully aiding in the escape of a prisoner.

These considerations make it all-important to ascertain whether the fact, if it were a fact, that upon the first indictment the defendant was only placed on trial and called to answer a misdemeanor could be shown by parol evidence, where the record, as in this instance, is not only silent in that regard, but by the recitals contained therein actually contradicts, as far as it goes, the facts thus sought to be established by the evidence adduced.

There is no doubt but that a record in a criminal case may be supplied or amended by a proceeding had directly for that purpose; and, even in as important and solemn a matter as a final judgment in a case of murder, the rule is that, where there has been a failure or omission to enter it at the proper time, the judgment may be rendered *nunc pro tunc* at a term subsequent to the trial. *Smith* v. *The State*, 1 Texas Ct. App. 408, and authorities cited; *Morrison* v. *Dapanaw*, 3 Cal. 255. But we take it that no record in a criminal case can be amended or supplied except by a proceeding having that object in view.

The general rule in civil cases is thus enunciated by the statute : " That, when in the record of any judgment or decree of any court there shall be any mistake, the judge of said court may in open court amend such judgment or decree, according to the truth or justice of the case, but in all cases the opposite party shall have notice of the application for such amendment." Pasc. Dig., art. 49 ; *Russell* v. *Miller*, 40 Texas, 494 ; *Marx* v. *Brown*, 42 Texas, 111. " It is a

general rule, admitting of but few, if any, exceptions, that a record must be tried by itself, and imports absolute verity; if a party desire to controvert it, the record alone must be relied upon for that purpose, by the introduction of a more perfect record." *Mandeville* v. *Stockett*, 28 Miss. 398. "It must be complete and perfect in itself, without the aid of extraneous circumstances. If deficient or imperfect, it cannot be assisted or aided by evidence *dehors* the same." Com. Dig., title Record, letters B and E; *Crowell* v. *Byrnes*, 9 Johns. 287; *Elliott* v. *Piersol*, 1 Pet. 328; *Lessees of James* v. *Stookey*, 1 Wash. C. C. 330; *Young* v. *Thompson*, 14 Ill. 380.

The question as to how far oral testimony has been received to explain a judgment was discussed at length by our Supreme Court in *Foster* v. *Wells*, which was a case originating in a Justice's Court. The court say: "It is laid down by Cowen and Hill, in notes on Phillips' Evidence, volume 3, page 838, that, whenever a question is made respecting the identity of matters litigated in the first suit, parol evidence is admissible to show what transpired on the former trial, and to explain the judgment." 4 Texas, 101, and authorities cited. But we imagine this can only be done where the record or judgment is in itself defective or ambiguous.

In *Wood* v. *Jackson* the Supreme Court of New York, after reviewing quite a number of the leading cases, say: "Some decide that the record itself must constitute the only evidence, while others maintain that parol evidence may be produced to show the ground of the former decision, and to explain, but not contradict, the record." 8 Wend. 10. Whenever the evidence is sought for the purpose of falsifying the record, it is clearly inadmissible. *Trevivan* v. *Lawrence*, 1 Salk. 276; 2 Ld. Raym. 1036.

In the case at bar the record is unambiguous, and shows that the defendants pleaded to the first indictment as a

whole. There is nothing to show that any portion of that indictment had been previously quashed, or that there were in fact any rulings upon its sufficiency; and we are of opinion that parol evidence to show that fact was inadmissible to contradict, supply, vary, amend, or falsify the record. If the record was defective, steps should have been taken by proper proceedings to have had it corrected or amended, and its defects supplied before going into the trial.

Because of the error of the court below in admitting this evidence, the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*