## BAKER v. BAKER, *Appellant.*

**Justice's Judgment, when not Irregular:** EVIDENCE. A justice's judgment will not be held irregular because the docket entry fails to show that the justice heard evidence before rendering it; especially in a case where it appears by the admission of the defeated party that in point of fact witnesses were sworn and examined, and the judgment was given on their testimony.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*William Heren & Son* for appellant, cited *Facey v. Fuller*, 13 Mich. 527.

*Rea & Williams* for respondent, argued that the statute does not require the justice's docket to show that proof was heard. 2 Wag. Stat., § 15, 831; 1 Greenleaf Ev., (8 Ed.) p. 25, § 19. The omission does not affect the judgment. 2 Wag. Stat., § 15, p. 839; Freeman on Judgm., 47, § 53; *Fish v. Emerson*, 44 N. Y. 377; *Barrett v. Garragan*, 16 Iowa 44. It will be presumed that evidence was heard. Freeman on Judgm., p. 533, § 524.

NORTON, J.—On the 17th day of May, 1876, plaintiff brought suit against defendant before Philip Sigrist, a justice of the peace of Rochester township, of Andrew county, Missouri, on an account for $90; summons issued returnable on the 3rd day of June, 1876. On the 3rd day of June, 1876, the constable returned said summons, duly served, &c., and on that day plaintiff procured judgment by default against defendant for said sum of $90, with interest at six per cent. and cost, &c. On the 20th day of January, 1877, plaintiff assigned said judgment to I. R. Williams, for value received. On the 17th day of February, 1877, execution issued on said judgment. On the 29th day of March, 1877, notice having previously been given to the plaintiff and also the assignee of said judgment, defendant presented a motion to said justice to set aside said judgment, alleging as his reasons therefor various irregularities. Upon a hearing of said motion the same was overruled and defendant appealed to the circuit court, and in said court defendant abandoned all the reasons in his motion to set aside the judgment save one, and the cause was submitted on the following agreed statement, viz: That this is a proceeding to set aside the judgment herein rendered by the justice by default on the account in suit, for the reason that the transcript fails to show that any evidence was taken, or proof had as to the allegations of

plaintiff's claim. It is agreed that the record does not show that proof was heard as to the allegations of plaintiff's claim, but that in fact the justice did swear and examine witnesses and hear said proof, and on said proof rendered the judgment herein. On these facts the court sustained the finding of the justice in refusing to set aside said judgment, and the case is before us on appeal.

That portion of the transcript of the justice which appellant relies on as being defective, is as follows: "Now comes the plaintiff, but defendant, although being three times called, comes not, but makes default; it is, therefore, considered and adjudged by the justice that plaintiff have judgment for the sum of $90 for his debt, with six per cent. interest from date of judgment, and also the sum of $1.55 for his costs herein expended." The said entry shows upon its face jurisdiction not only of the person, but of the subject matter, and conceding that the judgment would have been more formal had it contained the statement that the judgment was rendered after hearing evidence, the omission to make such entry would not justify setting aside the judgment, since the presumption may be indulged that evidence was heard before it was rendered; which presumption has ripened into a fact by the admission in the agreed statement that "the justice did swear and examine witnesses and hear proof, and on said proof rendered said judgment." Freeman on Judg., §§ 53, 524.

Besides this, the 15th section, Wagner's Statutes, 839, provides that no judgment rendered by a justice of the peace shall be stayed, or in anywise affected, by reason of any informality in entering such judgment, or other entry required to be made in the docket, or for any other default or negligence of the justice or constable by which neither party shall have been pejudiced." This section fully justifies the action of the trial court, and its judgment will be, and is hereby affirmed. All the judges concur.