FULKERSON, *Appellant*, v. DAVENPORT.

1. **Set-off in Equity**: JUDGMENT: INSOLVENCY: PARTIES. Where two parties, one of whom is insolvent, hold a judgment against a third, and he has a judgment against the insolvent, a court of equity, to prevent injustice, will ascertain the interest of the insolvent plaintiff in the former judgment, and will set-off against his interest the judgment against him. To a proceeding instituted for this purpose the co-plaintiff of the insolvent is a necessary party.

2. **Justice's Judgment, not Impeachable Collaterally.** A judgment of a justice of the peace, regular on its face, cannot be impeached in a collateral proceeding by showing that the suit was instituted in a township where neither the defendant nor the plaintiff resided, and which did not adjoin the township in which defendant resided.

*Appeal from Johnson Circuit Court.*—HON. F. P. WRIGHT Judge.

AFFIRMED.

*Elliott & Jetmore* for appellant.

1. Plaintiff Fulkerson is entitled to have his judgments set-off against the judgment against him. Wag. Stat., §§ 3, 4, p. 837; Waterman on Set-off, 365, 395; *Simson v. Hart*, 14 John. 63; *Miller v. Richardson*, 1 Mo. 310; *Thorndike v. De Wolf*, 6 Pick. 120; Drake on Attachment, 572; *Field v. Oliver*, 43 Mo. 200; Story Eq. Jur., § 1437a; *Austin v. Feland*, 8 Mo. 309; *Kent v. Rogers*, 24 Mo. 306; Waterman on Set-off, 235, 242, 250, 334, 385, 396, 365.

2. The justice's judgments are not subject to attack collaterally. *Franse v. Owens*, 25 Mo. 329; Freeman on Judgments, 521; *Fagg v. Clements*, 16 Cal. 389; *Hahn v. Kelly*, 34 Cal. 391; *McDonald v. Leewright*, 31 Mo. 29; *Callen v. Ellison*, 13 Ohio St. 446; *Wilcox v. Kassick*, 2 Mich. 165; *Cook v. Darling*, 18 Pick. 393; *Galpin v. Page*, 18 Wall. 350.

*John J. Cockrell* for respondent.

NAPTON, J.—This was an application to the circuit court of Johnson county to allow two judgments obtained

1. SET-OFF IN EQUI-
TY: judgment:
insolvency: par-
ties.

by plaintiff against defendant to be set-off against a judgment obtained by defendant and one Ramsey against plaintiff. The grounds upon which this bill in equity was based, were that the defendant Davenport was insolvent, and nothing could be collected of him on execution, and that he was, although the judgment of Ramsey and himself was joint, the owner of the larger part of said judgment. The general rule in regard to set-off in equity as well as at law, is that joint and separate debts cannot be set-off against each other, but this rule, it is stated by Judge Story, admits of such a variety of exceptions in equity as scarcely to authorize their enumeration under comprehensive divisions. 2 Story Eq. Jur., § 1437, *et seq*. Courts of equity, despite of the record, will regard the real parties in interest, which courts of law cannot do, and in considering whether demands are mutual or not, will look to this interest, whoever may be the nominal parties; and where justice and right plainly call for the interposition of the court, as in cases of insolvency or bankruptcy, they will not hesitate to interpose.

The insuperable obstacle to the relief asked in this case is, that Ramsey, the joint owner with defendant of the judgment against plaintiff, is not made a party to the case. Although he has no interest whatever in the controversy between plaintiff and defendant, it is impossible for the court, in his absence, to determine the extent of Davenport's interest. Ramsey has a right to be heard on that question; he is a necessary party to a full investigation of the facts upon which plaintiff's relief depends. The assertion in the bill that defendant is owner of the larger part of the judgment is mere assertion and amounts to nothing without proof, and Ramsey must have an opportunity of being heard on this question.

If the defendant was owner of any part of the judgment, whether larger or smaller, we see no objections to a set-off as far as it goes. And this seems to be the doctrine of courts of equity in England and this country. *Vulliamy v. Noble*, 3 Merivale 593; *Blake v. Langdon*, 19 Verm. 485; *Ex parte Stephens*, 11 Ves. 24; *James v. Kynnier*, 5 Ves. 108. Judge Redfield, who reviews the cases in *Blake v. Langdon*, observes that "when the debts are in reality mutual, or to that extent, even when the debt must be apportioned and the party attempting to enforce his claim at law in the name of some other party, but nominally interested, is himself insolvent, a court of equity should and will interpose to prevent the injustice by decreeing the set-off." It is conceded in the present case that in order to make the debts mutual which we are desired to set off against each other, the debt of Davenport and Ramsey must be apportioned, but this could not be done in a proceeding to which Ramsey was no party.

The case of *Simson v. Hart*, 14 John. 64, relied on by appellant, is unlike the present in a very important particular. The facts in that case were the converse of those in the present, and they tend to establish the principle upon which courts of equity act, to which we have already adverted. There A., the plaintiff, had a judgment against B & C in an action of assault and battery, and B recovered a judgment against A of the same character. B was insolvent and C was extremely embarrassed, and A asked to have the judgment recovered by him against B & C applied in satisfaction of the judgment recovered by B. This was allowed, and Judge Spencer, of the Supreme Court, observed that "such a state of facts furnished a strong and substantial basis for the interposition of a court of equity, on the ground of meditated fraud. Nothing could be more unjust," he proceeds to say, "than to leave to the respondent the power of collecting his judgment of the appellant (A) against which, from the insolvent condition of the respondent (B) and the embarrassed state of his father, (C,)

the appellant could not indemnify himself by collecting any part of his judgment from them; and although it is difficult to settle the precise extent of the jurisdiction of the court of chancery, one of its acknowledged and salutary attributes consists in the power to put a stop to proceedings injurious or unconscientious. I have no hesitation in saying that chancery had original and rightful jurisdiction of the suit, and was fully authorized by a series of adjudged cases in issuing a perpetual injunction against the respondent's swearing out or executing an execution, upon the appellant's entering satisfaction for so much as the respondent's judgment amounted to, on his judgment, or which would have produced the same result, decreeing that the respondent should acknowledge satisfaction of record upon the like terms." And the judge further observes: "There is no force in the objection that the judgments are not in the same right; it is well settled, that although the demands, as being joint and several, are not strictly speaking, due in the same right, yet if the legal or equitable liabilities or claims of many become vested in, or may be urged against one, they may be set-off against separate demands, and *vice versa*, and in some of the cases this was done without any pretense of insolvency." And the judge proceeds to observe, in regard to the objection, that the judgment in favor of the appellant was for a *tort*, and that there was no contribution among trespassers, that this only showed that the respondent owed the whole of the judgment, and the appellant could enforce it all against him.

This, it will be at one perceived, is not the case here, for the judgment against the plaintiff, Fulkerson, was a joint judgment of Ramsey and Davenport, not for a tort, but for personal property bought of them by the plaintiff. Without a settlement between Ramsey and Davenport, it could not be ascertained how much of this debt was due to Davenport against whom were the judgments of plaintiff asked to be set off. Davenport and Ramsey had a joint

judgment against plaintiff, and he wished to set off against this a judgment he had against Davenport. That such a set-off might be allowed, under circumstances showing the interest of Davenport in the judgment we are not disposed to deny, seeing the extent to which courts of equity have carried this doctrine of set-off or compensation, but the question is not presented, as the case now stands. By the practice act (R. S. 1879, § 3568) the court might have ordered Ramsey to be brought in by an amendment of the petition, or by a supplemental petition and a new summons, but this was not done.

Another point was made in this case, and one upon which the judgment of the circuit court was based. The defendant in his answer claimed that the two judgments in the justice's court, offered to be set off by plaintiff, were void, because they were rendered by a justice of the peace for Warrensburg township in Johnson county and that he, the defendant, was at the rendition of the same, a resident of Columbus township and that Columbus township did not adjoin Warrensburg township, and that plaintiff lived in Centreview township. Proof to this effect was offered and received by the court, against the objection of plaintiff, and the court held the judgments void, and therefore dismissed the bill. The transcript of the judgments in the justice's court filed with the clerk of the circuit court recites that " on September 24th, 1875, summons returned duly executed in Warrensburg township, in Johnson county, Missouri, on the 9th day of September, 1875, by reading the same to the defendant, Horace Davenport." Judgment by default was taken on this return. A judgment by default in a justice's court, it is conceded, cannot be upheld, unless the record shows that the defendant was served with process in the proper township, but the record of these two judgments (for in this respect they are precisely alike), does show on its face personal service in the township where the suit was brought, and, as was held by

*[margin note: JUSTICE'S JUDGMENT, NOT IMPEACHABLE COLLATERALLY.]*

this court in *Franse v. Owens*, 25 Mo. 329, it will be presumed in the absence of evidence to the contrary that the defendant resides in such township. The jurisdiction of the person and the subject matters appear on the record, and the only way for the defendant to avoid this was to appear before the justice, as he was notified to do, and establish the facts which he now proposes to prove in this collateral proceeding. A judgment regular on its face cannot be impeached collaterally. Freeman on Judg. § 524. *Fagg v. Clements*, 16 Cal. 389. The decision of the circuit court was on this point erroneous, and the evidence on which it was based should have been rejected, but inasmuch as the same result would have followed on the first defense made, the judgment must be affirmed. All concur.