PHILIP D. ARMOUR *et al. vs.* FRANCIS KENDALL *et als.*

A legatee owing the testator's estate is entitled to only the excess of the legacy over his debt.

A., owing B., received by B.'s will a legacy less in amount than the debt. Judgment creditors of A. filed a bill in equity against B.'s executors to subject the legacy to the payment of their judgment.

*Held*, that the bill could not be maintained.

BILL IN EQUITY to subject a legacy to the payment of a judgment.

*December* 10, 1885. DURFEE, C. J. The complainants are creditors of Henry L. Kendall, of Chicago, and Henry S. Whitcomb, by judgment confessed by said Kendall and Whitcomb in Illinois. The defendants are executors of the will of Henry L. Kendall, late of Providence, who died July, 1883, bequeathing by said will $10,000 to Henry L. Kendall, of Chicago, who was his nephew. Henry L. Kendall, of Chicago, and Henry S. Whitcomb were indebted to the testator at the time of his decease, and still continue indebted to the estate to an amount exceeding the legacy, to wit, to the amount of $12,500 with interest. They have no visible property. The object of the suit is to subject the legacy to the payment of the complainants' judgment. The defence is that the legacy is not chargeable in favor of the complainants so long as the debt to the estate remains unpaid.

When a legatee is a debtor to the estate, he is entitled to only the excess, if any, of the legacy over the debt. Williams on Executors, 1304; *Jeffs v. Wood*, 2 P. Wms. 128; *Smith* v. *Kearney*, 2 Barb. Ch. 533, 549; *In re Bogart*, 28 Hun, 466, 468;

───────────

[1] Not, however, counsel for the petitioner in the previous proceedings.

*Willes* v. *Greenhill*, 29 Beav. 376, 382; *Smith* v. *Smith*, 3 Giffard, 263. The right, it has been said, is rather a right to pay out of the fund in hand, than a right to set off. It has also been said that the right rests upon the equitable principle that the legatee is not entitled to the legacy while he retains a part of the assets out of which it ought to be paid. The legacy is, accordingly, regarded as applied *pro tanto* in payment of the debt, and it has been held that it may be so regarded even when the debt is barred by the statute of limitations. *Courtenay* v. *Williams*, 3 Hare, 539, 639, note; *Coates* v. *Coates*, 33 Beav. 249; *In re Bogart, supra.* In *Smith* v. *Smith* the principle was applied when the legacy was to a member of an insolvent firm which was indebted to the estate. The Vice-Chancellor said: "It seems to me that the principle which governs the case is this: that the legatee shall not be entitled to receive out of the estate of the testator any part of the bounty intended for him by the testator, until he has paid all his obligations in the shape of debts which may be due to that estate." See, also, *Ex parte Stephens*, 11 Ves. Jun. 24, 26; *Fulkenson* v. *Davenport*, 70 Mo. 541; *Smith* v. *Felton*, 43 N. Y. 419. It is clear, therefore, that if the legatee were himself suing for the legacy in equity he could not recover it, the joint debt remaining unpaid. How do the complainants get under this proceeding any higher equity? Their counsel makes two suggestions. The first is that the complainants are entitled to priority, because their claim has been reduced to a judgment. A sufficient answer to this is that the defendants do not need any judgment, their right of retainer being equivalent in equity to a judgment. The second suggestion is that equality is equity, and that the complainants are, therefore, entitled to share the legacy ratably with the defendants. We do not think this position is tenable. The defendants are entitled to their right, which, whether the legacy is sued for by the legatee or by his creditors, remains unaltered.

*The bill is dismissed with costs.*

*James M. Ripley & John D. Thurston*, for complainants.
*Thomas C. Greene & John F. Lonsdale*, for respondents.