HARRIS *et al.*, *Appellants*, v. HUNT.

Kansas City, Charter of: SPECIAL TAX-BILL : JUSTICES OF THE
PEACE : JURISDICTION.  Justices of the peace within and for Kaw
township, Jackson county, are the justices contemplated by sec.
8, art. 4, of the charter of the City of Kansas, ( Laws 1875, p. 252, )
providing that suits on tax-bills not exceeding three hundred
dollars might be brought before the city recorder, "or any justice
of the peace in said city, as in other civil cases," the City of Kansas
being at the time of the suit in question a part of said Kaw town-
ship, and having no justices of the peace, except those elected for
that township, whose offices were in the city.

*Appeal from Jackson Circuit Court.*—HON. J. H.
' SLOVER, Judge.

AFFIRMED.

*Bingham & Adams, Wash Adams* and *R. H.
Field* for appellants.

(1) By the charter provision jurisdiction to entertain
suits upon tax-bills is not conferred upon all justices of
the peace in Kaw township, but only upon such of them
as are justices in the City of Kansas.   This city is not
coëxtensive with said township by half in its territorial
limits, as the evidence in the record in this cause shows.
Hence the recital in the executions and sheriff's deed
that the proceedings in the tax-bill suit in question
were had before Joseph C. Ranson, a justice of Kaw
township,  is not equivalent to saying ( nor does it
prove ) that he was a "justice of the peace in said city."
*Hessey v. Heitcamp*, 9 Mo. App. 36 ; *Schell v. Leland*,
45 Mo. 290 ; *Backenstoe v. Railroad*, 86 Mo. 492 ;
*Ewing v. Donnelly*, 20 Mo. App. 6.   (2) A justice of
the peace, being an officer of statutory jurisdiction only,
his jurisdiction to act in a suit before him must appear

from the face of the papers or the proceedings had before him. See cases last cited; also *State v. Swope*, 72 Mo. 399.

*C. A. Kenyon* and *C. O. Tichenor* for respondent.

The case of *Karnes v. Alexander*, 92 Mo. 660, is decisive of this case.

BRACE, J.—This is an action in ejectment to recover possession of two lots in Kansas City. The petition is in the usual form and the answer a general denial. The case was tried before the court without a jury, the finding and judgment was for the defendant, and the plaintiff appeals.

On the trial, it was admitted that the defendant is in possession of the premises and that the plaintiffs are the owners thereof unless their title has been divested by a sheriff's deed made to defendant's grantor in pursuance of a sale of the premises by virtue of an execution issued by the clerk of the circuit court of Jackson county on a transcript of a judgment filed therein, rendered by Joseph C. Ranson, a justice of the peace within and for Kaw township, in said county, on the sixth day of March, 1875, in a suit before said justice against said plaintiffs as owners on a special tax-bill against the lots in question. There were four judgments and executions, but for the sake of convenience, they will be treated as one.

It is provided in the charter of the City of Kansas, (sec. 4, art. 8, Acts 1875, p. 252,) that: " * * * In suit on any tax-bill, the judgment shall be special, and that the plaintiff recover the amount found due, including interest, to be levied of the land described in the bill, and a special execution shall issue to sell the land to pay such judgment, interest and costs, and the judgment shall bear interest at the same rate as the tax-bill. When the amount due on any tax-bill does not exceed

three hundred dollars, suit may be brought thereon before the recorder of the city, *or any justice of the peace in said city*, as in other civil cases, and such recorder or justice of the peace may render a special judgment as aforesaid, but to enforce the same a transcript of such judgment shall be filed in the office of the clerk of the circuit court of Jackson county, in said city, and be recorded, docketed and indexed as a judgment of that court, whereupon an execution may be issued out of that court, the same as if the judgment had been rendered in that court," etc.   The amount of the tax-bill and the judgment thereon in this case was less than three hundred dollars, a transcript of the judgment was filed in the office of the clerk of the circuit court of Jackson county, at Kansas City, was duly recorded and indexed as a judgment of that court in record A of the clerk's office, transcripts of judgments, justices of the peace, Kansas City.

It was admitted on the trial, on the part of the plaintiffs, that at the time of the commencement of the proceedings on the tax-bill and of the rendition of the judgment by the justice, his office and his only office as such justice was in the City of Kansas, and it was further admitted by both parties that all of the justices of the peace for Kaw township, at that time, had their offices in Kansas City, and heard their cases in such offices, and that the City of Kansas did not compose more than one-half of Kaw township in the year 1875, counsel for the plaintiff stating at the time " while we admit this to be true, we object to evidence extraneous to the record as to the fact that Joseph C. Ranson was a justice of the peace in the City of Kansas.   We say that fact is jurisdictional and must appear on the face of the record, in the proceedings before the justice." The objection was overruled, and the sheriff's deed, over the objection of the plaintiff, was read in evidence, in which, among the other necessary recitals, it was

recited that the judgment was obtained "before Joseph C. Ranson, a justice of the peace within and for *Kaw township*," Jackson county. A like recital appeared in the execution which was offered in evidence by the plaintiffs in rebuttal, and these were the only papers in evidence wherein the proceedings before the justice were recited or by which those proceedings appeared. The sheriff's deed contains all the necessary recitals, it sufficiently appears by those recitals that the sale was made by virtue of a valid execution upon a valid judgment rendered by "Joseph C. Ranson, a justice of the peace within and for Kaw township," if such justice was the tribunal provided by law in the section quoted from the charter to hear and determine the issues in the case in which it was rendered.

The proceeding provided for in the charter is a special one and is committed to a court of inferior and limited jurisdiction. It has been repeatedly held in this state that inferior tribunals, not proceeding according to the course of the common law, are confined strictly to the authority given, and the jurisdiction must appear on the face of their proceedings. *State v. Metzger*, 26 Mo. 65; *Hansberger v. Railroad*, 43 Mo. 196; *Schell v. Leland*, 45 Mo. 289; *Cunningham v. Railroad*, 61 Mo. 33; *Gibson v. Vaughan*, 61 Mo. 418; *Rohland v. Railroad*, 89 Mo. 180. Otherwise their judgments will be held to be *coram non judice*, when questioned in a direct or even in a collateral proceeding. *Bersch v. Schneider*, 27 Mo. 101; *State v. Swope*, 72 Mo. 399; *Karnes v. Alexander*, 92 Mo. 660.

The same rule has also been applied to proceedings in courts of general jurisdiction, when engaged in the exercise of special and limited statutory powers. *Ells v. Railroad*, 51 Mo. 200; *Railroad v. Campbell*, 62 Mo. 583.

In *Karnes v. Alexander*, *supra*, in which the same question was raised as in this case, it was insisted,

"that inasmuch as the execution only recites that the justice who rendered the judgment was a justice of the peace of Kaw township, Jackson county, and omits the words 'in Kansas City'; that the execution, for want of that recital, conferred no power on the sheriff to make the sale of the real estate in question." To which position the court made answer that "in view of what has been held by this and other courts, that although a jurisdictional fact may not appear either in the recitals of a judgment or execution, unless such recital is required to be made, if such jurisdictional fact does appear from any of the proceedings had before the jus· tice of such inferior court, it is sufficient. In view of this, and the admission made on the trial that Allen, the justice of the peace who rendered the judgments on which the executions issued, was a justice of the peace in Kansas City, which we take to be an admission that such fact appears from the proceedings had before him, we hold that the judgment is not subject to collateral attack, having been rendered by a court having jurisdiction both of the person and subject-matter of the suit."

The admission in this case cannot, as in that, be held to be that it appears on the face of the record of the proceedings had before the justice of the peace, that he was a justice of the peace in Kansas City, in any other way than by the recital that he was "a justice of the peace within and for Kaw township." That it did not sufficiently appear by that recital, and that it must appear by the record of the proceedings and could not be supplied by parol evidence, while true in point of fact, was the very ground of the objection and the scope of the admission in this case. The sufficiency of that recital to show jurisdiction in that case was not decided. In this it is fairly presented, and must be decided, and we have no hesitancy in holding that the recital in the deed, that the execution was issued upon the transcript of a "judgment obtained before Joseph C. Ranson, a

justice of the peace within and for Kaw township, Jackson county," sufficiently showed that the judgment was rendered by thé tribunal in which was vested by the charter provision, the jurisdiction to hear, try and determine the issues in the case in which such judgment was rendered.

It will be observed that the language of the charter, so far as it applies to this case, is " suit may be brought thereon before any justice of the peace in said city, as in other civil cases." The charter does not create a new tribunal to try such cases, but confers jurisdiction upon an existing judicial tribunal which had jurisdiction to try other civil cases in Kansas City, and suits were to be brought in the class of cases to which this belongs, as such other civil cases were brought before that tribunal. The case, then, by the terms of the charter, was to be brought before a justice of the peace who had jurisdiction to try other civil cases in the City of Kansas. The charter does not require that the suit shall be brought before a justice who resides in Kansas City, but who is "a justice of the peace in said city." At the time these charter provisions were enacted, the law provided for two justices of the peace in each municipal township in a county, and in case of an incorporated town or city in such township, having a population of over two thousand inhabitants, for an additional justice to be a resident of said town or city. Wag. Stat. 1872, sec. 1, p. 802.

While the township having within it such a town or city was entitled to an additional justice, such justice was elected by the voters of the township and commissioned as a justice of the peace within and for the township. The court they were each authorized to hold and its jurisdiction was the same. There was in existence no such tribunal as a justice of the peace within and for Kansas City, within or in said city. There were justices of the peace within and for Kaw township, and Kansas

City being in that township there were justices of the peace within and for Kansas City, within or in Kansas City. They were the justices of the peace in Kansas City in whom the legislature by the charter provision vested jurisdiction to hear, try and determine the issues and render the judgment recited in the deed in this case, and it sufficiently appears by the recital in the deed herein that the justice of the peace who rendered the judgment upon which the execution was issued and the sale made was one of those justices and had jurisdiction of the parties and of the subject-matter in the action in which such judgment was rendered. The deed was admissible in evidence and the court committed no error in overruling the plaintiff's objection to it. The correctness of this conclusion is sustained by reference to other legislation, *in pari materia* contained in the same charter, in a preceding article.

The action in which the judgment in question was rendered was on what is called a special tax-bill for the expense assessed against the property of the owners for its proportionate share of the expense of improving a street. In article six, of the charter, provision is made for the assessment and collection of the revenue of the city, and for the collection of delinquent taxes, by suit to be brought in the name of the city, in any court of competent jurisdiction. Sec. 75, *et seq.* Section 80 of said article, (Laws 1875, p. 242,) provides that: "The recorder of the City of Kansas and all justices of the peace *having jurisdiction in the City of Kansas* shall have jurisdiction in all cases for the collection of taxes due the city, when the amount does not exceed the sum of three hundred dollars, and the defendant has been served with summons, and judgment shall be as heretofore prescribed. No executions shall be issued by the recorder or justice of the peace thereon, but upon filing a transcript of such judgment in the office of the clerk

of the circuit court of Jackson county, at Kansas City, such clerk shall record the same in the book kept for recording transcripts of judgments before justices of the peace, and shall also enter such judgment in the judgment docket of such court, and execution shall issue thereon in conformity with such transcript of judgment."

It is impossible to read the general scheme provided in the charter for the collection of tax-bills, general and special, when the amount does not exceed three hundred dollars, to consider the nature and mode of the proceeding provided, and the language used in section 80, article 6, and that used in section 4, article 8, in connection with their context in those articles, without coming to the conclusion that the legislature, by the use of the phrase "before a justice of the peace in Kansas City" in the latter article, had in mind the same tribunal as when using the phrase "having jurisdiction in the City of Kansas" in the former. A justice of the peace within and for Kaw township, is the only legal tribunal to which the language in each section could be reasonably referable. The suit in which the judgment in question was rendered was before a justice of the peace within and for Kaw township, a "justice of the peace having jurisdiction in the City of Kansas," a justice of the peace in the City of Kansas within the meaning of section 4, article 8, and it sufficiently appearing by the recital in the deed "that the judgment was obtained before Joseph C. Ranson, a justice of the peace within and for Kaw township, Jackson county," the judgment was obtained before a justice of the peace in Kansas City, within the meaning of that section.

The deed was valid, vested the plaintiffs' title in the premises in the defendant's grantor, the finding and judgment of the circuit court for the defendant was correct, and the judgment of the circuit court ought to be and is affirmed. All concur, except BARCLAY, J., not sitting.