Isaac T. Wise, Respondent, v. James M. Loring, Administrator of William H. Cozens, Deceased, Appellant.

St. Louis Court of Appeals, May 9, 1893.

1. **Pleading:** ALLEGATION OF NONPAYMENT OF CLAIM SUED UPON.  An allegation in a suit upon a judgment, that the judgment remains valid and in full force, is equivalent to an allegation that the judgment is unpaid.

2. **Judgments:** ASSIGNMENT OF.  The statutory mode of assigning judgments is not exclusive; an assignment by a writing not attached to the judgment is valid.

3. Justices' Courts: JUDGMENT IN PROCEEDING ON LANDLORD'S SUM-
MONS: RECITAL OF SERVICE ON DEFENDANT. It is not necessary that
the judgment of a justice of the peace in the city of St. Louis in a
proceeding upon a landlord's summons should recite that service
was had upon the defendant in the ward in which the property sued
for is situated, or in an adjoining ward.

4. ———: JUDGMENT BY DEFAULT. The fact, that a judgment by de-
fault against a defendant was rendered by a justice of the peace in
less than three hours after the time at which the summons was
returnable, will not invalidate the judgment.

5. ———: JUDGMENT: JURISDICTIONAL FACTS. When a court of inferior
or limited jurisdiction exercises special statutory powers, as where
there is a proceeding upon a landlord's summons before a justice of
the peace, its jurisdiction must appear from the face of the proceed
ing.

6. ———: ———: ———. And held, BOND, J. not concurring, that, in
a suit upon a money judgment rendered by a justice of the peace
against the defendant upon five days service in a proceeding upon a
landlord's summons, it must affirmatively appear that the verified
statement required by the statute was filed by the plaintiff.

*Appeal from the St. Louis City Circuit Court.*—HON.
W. W. EDWARDS, Special Judge.

REVERSED AND REMANDED.

*C. A. Schnacke,* for appellant.

*Isaac T. Wise,* for respondent.

BOND, J.—This suit was begun by the assignee of
a justice's judgment rendered against Wm. H. Cozens
during his life, he having died at the time of suit. The
action now is brought against his administrator, appel-
lant.

The case was tried by the court without a jury.
No declarations of law were asked or given, and judg-
ment was rendered against the administrator of W. H.
Cozens, deceased, who appealed therefrom.

The transcript introduced in evidence by appellant
was as follows:

"NUMBER 208, JANUARY ISSUES, 1873.

"L. M. Kennett, Plaintiff,　　⎫　Before　Justice John
　　　　　v.　　　　　　　⎬　C. H. Cunningham.
"Wm. H. Cozens, Defendant.⎭

"Landlord's summons for $207 issued January 30, 1873, to Constable Kinsella, returnable February 5, 1873; returned executed. On the return day the plaintiff appeared; the defendant being called came not but made default. The justice, after hearing the evidence on the part of the plaintiff, adjudged that the plaintiff have judgment against the defendant for $200 with costs of suit and restitution of premises. *Fi fa* issued February 6, 1873, to Constable Kinsella.

Debt..............................................................$200 00
Justice Cunningham................................................ 350 00
Constable Kinsella................................................ 175 00
This transcript paid by plaintiff's attorney Wise................ 100 00

"STATE OF MISSOURI, ⎫
　　　　　　　　　⎬ SS.
"City of St. Louis. ⎭

"I, Patrick Kane, a justice of the peace within and for the city of St. Louis and State of Missouri, and successor to Justice John C. H. Cunningham, do certify the foregoing to be a full, true and complete transcript of the entries and proceedings in the case of *L. M. Kennett v. W. H. Cozens,* as the same are of record on the docket of Justice Cunningham.

"Given under my hand this third day of September, 1891,　　　　　PATRICK KANE,

　　　　　"Justice of the peace, fifth district, city of
　　　　　　St. Louis, State of Missouri, and suc-
　　　　　　cessor to Justice J. C. H. Cunningham."

There was evidence tending to show that the judgment recited in the above transcript was transferred to the respondent.

The appellant assigns for error on this appeal: *First.* That the petition is defective in not alleging

that the judgment sued on was *unpaid*. *Second.* That the judgment sued on is void. *Third.* Thât the assignments of the judgment whereunder respondent claims are not in accord with section 6043 of the Revised Statutes, 1889.

The first assignment as to the failure of the petition to allege that the judgment is *unpaid*, is frivolous. The petition, after stating the name of the court rendering the judgment, the names of the parties, the date and amount of the judgment and its successive assignments to the respondent, and the appointment of the appellant as administrator of the defendant in said judgment, concludes as follows, to-wit: "That said judgment shall remain valid and *in full force*. Therefore plaintiff prays judgment against said defendant aforesaid, administrator, for said sum of $200, interest and costs." This averment is clearly equivalent to an allegation that the judgment was *unpaid*.

Nor is there any merit in appellant's third assignment, that the transfers to the respondent should have been excluded, because not made in writing and *attached to the judgment* as prescribed in section 6043 of the Revised Statutes, 1889. This identical section was construed in *Burgess v. Cave*, 52 Mo. 43, 44, where it was said: "The statutory mode of assigning judgments is cumulative and does not prevent a party from making an equitable assignment in any other lawful way."

The second assignment of error made by the appellant, to-wit, that the judgment sued on is void, presents the question as to the sufficiency of the transcript of the justice's docket offered in evidence, and the rules governing such transcripts when made the basis of a new suit grounded on a former judgment between the parties.

It is the law of this state that in a suit upon a *foreign* judgment the defendant may show, notwithstanding the recitals therein of jurisdiction, that he was not a party to such judgment, or that the court had no jurisdiction of the subject-matter. *Bradley v. Welch,* 100 Mo. 258, 268; *Eager v. Stover,* 59 Mo. 88, 89.

A domestic judgment of a court of general jurisdiction cannot be collaterally impeached by the parties to it merely because the record is silent as to the acquisition of jurisdiction. In such cases, unless the record affirmatively shows a want of jurisdiction, it will presumed. *Huxley v. Harrold,* 62 Mo. 516, 523; *Cloud v. Inhabitants of Pierce City,* 86 Mo. 366, 367; *McClanahan v. West,* 100 Mo. 309, 320. A domestic judgment of an inferior court (justice of the peace) is not obnoxious to collateral attack, when the facts necessary to confer jurisdiction appear affirmatively upon the face of the proceedings in question. *Karnes v. Alexander,* 92 Mo. 660, 671; *Jeffries v. Wright,* 51 Mo. 215, 221; *Fulkerson v. Davenport,* 70 Mo. 541; *Baker v. Baker,* 70 Mo. 136; Freeman on Judgments, sec. 524.

Defenses to a judgment sued on are collateral, not direct attacks, and are therefore governed by the principles applicable to such methods of impeachment. In the case at bar the appellants objected to the introduction in evidence of the justice's transcript. Such transcripts, when properly certified, are competent evidence of the entries required by law to be made on the docket of the justice. The one offered in this case contained a fuller recital of the essentials of a valid judgment than the one held in *Baker v. Baker, supra,* to have "shown on its face jurisdiction not only of the person but of the subject-matter." In the case last cited the entry was as follows: "Now comes the plaintiff, but defendant, although being three times called, comes not but makes default; it is therefore considered and adjudged by the

justice that plaintiff have judgment for the sum of $90, for his debt, with six per cent. interest from date of judgment, and also ·the sum of $1.55 for his costs herein expended." In the case at bar there is a full statement in the transcript of the time, place, parties, matter in dispute and the result, with relief granted. Nothing further is required in a judgment entry. Black on Judgments, sec. 114. It may be admitted that on appeals or other proceedings directly attacking the judgment of a justice, it would be necessary, to maintain the jurisdiction of the justice, either that the transcript of his docket or some other part of the record should show the lodging with him of the paper or statement sued on. *Olin v. Zeigler*, 46 Mo. App. 193. But my own view is, that, in cases where the judgment can only be collaterally assailed, it is not indispensible to its enforcement that anything should appear on judgment entry except the jurisdiction of the action, the parties and the finding of the court. In the case at bar the judgment was for restitution of the premises in an action for the recovery of possession of real estate and unpaid rent, commonly called a landlord summons. The justice had direct statutory jurisdiction of such causes of action. The docket entry showed that this was the cause of action tried by him; it also shows service of process on the defendant, and the hearing of evidence before rendering judgment, and the nature, date and amount thereof. I think this transcript is sufficient to sustain the judgment of the trial court. My associates do not concur in this conclusion, but hold that there should. be some evidence, independent of the above transcript, showing the filing of a statement of a cause of action with the justice. We are agreed that it is sufficient, if such showing is made to appear from any part of the record before the justice (*Ewing v. Donnelly*, 20 Mo. App. 6), and upon

retrial the respondent may show this by producing original files.

There is no merit in the contention of the appellant, that the transcript should show that the service was had in the ward or adjoining ward wherein the property was situated. It was directly held in *Fulkerson v. Davenport, supra*, where a similar point was raised, that the recital of service in the transcript will be presumed to be correct, and cannot be denied in a collateral proceeding. In the case at bar the transcript affirmatively shows service and return of process executed against the defendant in the judgment.

It has been held in *Klein v. Wielandy*, 15 Mo. App. 581, that the rendering of a judgment by a justice on default before expiration of three hours does not render the judgment void, and is not available collaterally. This disposes of the remaining point urged by the appellant, and leads to a reversal of the judgment of the trial court and remanding the cause for a new trial. It is so ordered. All concur.

### CONCURRING OPINION.

ROMBAUER, P. J.—Where a court of inferior and limited jurisdiction exercises special statutory powers, its jurisdiction must appear by the face of the proceedings; otherwise its judgment is void. *Cunningham v. Railroad*, 61 Mo. 33; *Fletcher v. Keyte*, 66 Mo. 285; *Ewing v. Donnelly*, 20 Mo. App. 6. It makes no difference in such a case whether the judgment is attacked directly or collaterally; hence it is needless to discuss the character of the attack made in this case. In *Zimmermann v. Snowden*, 88 Mo. 218; *Dougherty v. Brown*, 91 Mo. 26; *State v. Farrelly*, 36 Mo. App. 282; the attack on the judgment was made in collateral proceedings, yet the rule above stated was emphatically announced.

A justice of the peace has no power to render a money judgment by default upon five days' service, unless it be in a proceeding upon a landlord's summons. Hence this judgment cannot be sustained as a money judgment alone, unless the justice had jurisdiction to issue a landlord's summons. His jurisdiction to issue such a summons depended upon the anterior filing of a verified statement. *Fletcher v. Keyte, supra; Ewing v. Donnelly, supra.* That this was done, should appear by the papers in the cause which constitute the judgment roll in this particular case. No presumptions can be indulged in to uphold the jurisdiction of the justice in such a case. To *that extent* the case of *Allen v. Scharringhausen*, 8 Mo. App. 229, states the unquestioned law.

In these views Judge BIGGS concurs.