ELIZABETH SPORER MCCULLOUGH, APPELLEE, V. GEORGE E. DOVEY ET AL., APPELLANTS.

FILED APRIL 17, 1901.   No. 10,343.

1. **Pleading of Fact:** CONCURRENT ALLEGATION: PROOF.   Where both parties in their pleadings allege a given fact, proof of the averment is unnecessary.

2. **Finding of Fact:** CONFLICTING EVIDENCE.   A finding of fact based on conflicting evidence will not be molested on review.

3. **Plaintiff Transferring Claim: ACTION CONTINUED IN WHAT NAME?** Where plaintiff, after suit commenced, transfers his interest in the subject of litigation to a third party, the action may be continued in the name of the original plaintiff, or the court may allow the transferee to be substituted for him.

APPEAL from the district court for Cass county. Heard below before RAMSEY, J. *Affirmed on filing of remittitur.*

*A. N. Sullivan,* for appellants.

*C. S. Polk* and *Jesse L. Root, contra.*

NORVAL, C. J.

Elizabeth Sporer McCullough commenced suit in the district court of Cass county to foreclose a tax lien upon certain lots in the city of Plattsmouth, making, among others, I. Oberfelder & Co. and Margaret and George E. Dovey defendants. The pleadings and the evidence disclosed that Charles S. Dawson and his wife had, prior to the time of suit, executed a mortgage on part of this property to the Plattsmouth Building & Loan Association as security for a loan made to them by said corporation. I. Oberfelder & Co. also claimed a mortgage upon this property from Dawson and wife to them, the lien of which is inferior to that of the building and loan association. The Doveys answered, setting up that, by mesne conveyances, Mrs. Dovey was, at the time suit was commenced, owner of the fee of these lots, and her husband claimed that he was the owner of the mortgage given by Dawson and wife to the building and loan association, and he claimed a first lien upon said property by virtue thereof, and of certain moneys claimed to have been advanced by him to redeem the property from tax liens. The records also show that prior to suit I. Oberfelder & Co. had obtained a judgment in Illinois against the Dawsons on the indebtedness secured by their mortgage; also, that no part of said judgment had been collected, and

that the full amount of the debt was unpaid.    On trial the court found the issues in favor of plaintiff, making the amount she had paid for taxes a first lien upon the property, and decreeing a foreclosure.    It ranked the lien of I. Oberfelder & Co. next after that of plaintiff on one lot, and third on another, and found all the issues against said George E. Dovey, and that the title to certain of the lots was in Mrs. Dovey.    The Doveys, being dissatisfied with the judgment, bring the case to this court.

The brief of counsel for defendants Dovey is very unsatisfactory, as it is difficult to gather therefrom what particular part of the decree of the lower court is attacked, there being no assignments, and the argument being exceedingly disjointed.    We assume, however, that the principal question urged is one going to the weight of the evidence.    George E. Dovey insists that by virtue of his assignment from the building and loan association of its mortgage, and the payment of certain taxes, he has a lien upon the property prior to that of I. Oberfelder & Co.    In answer to this, we call attention to the fact that there is evidence in the record from which the court was justified in finding that George E. Dovey never in fact owned the mortgage which he claims to have purchased. The evidence is more consistent with the theory that he paid the amounts of money mentioned voluntarily and, without a thought of acquiring any lien upon or interest in the property in question.    The evidence being of that nature, this court is not justified in reversing the judgment, even though we believed the claim of Dovey was just.    *Zarrs v. Keck*, 40 Nebr., 456; *Dunn v. Dietz*, 38 Nebr., 581; *Thomas v. Long*, 41 Nebr., 55.

It is claimed, also, that I. Oberfelder & Co. failed to prove that they had secured a judgment in Illinois against the Dawsons, which had not been paid.    The objection is exceedingly technical, so much so that we will consider it no further than to state that we think there was ample evidence to support the allegation relating to that fact.

Even had there been a failure to prove this averment, the Doveys are in no position to take advantage of it, for in their pleadings they affirmatively alleged this fact; hence no proof was necessary, for such allegation is equivalent to an admission of the truth of a similar averment in the pleadings of the adverse party. *Wise v. Loring*, 54 Mo. App., 258; *Johnson v. Reed*, 47 Nebr., 322.

On trial it was disclosed that subsequently to the commencement of the suit plaintiff's interest in the subject of the action had been transferred to a third party. It is urged that the further prosecution of this suit in plaintiff's name is in violation of section 29 of the Code of Civil Procedure, which requires action to be prosecuted in the name of the real party in interest. By section 45 of said Code it is provided that in case of a transfer of interest after suit commenced the action may be continued in the name of the original party, or the court may allow the transferee to be substituted. It was, therefore, not an improper procedure to allow the case to continue in the name of the original plaintiff.

There is an error in computation, of $69.22 in the amount due I. Oberfelder & Co., the finding being in that sum excessive. This excess they have offered to remit. There is no other irregularity in the findings or decree. On condition that I. Oberfelder & Co., within forty days of the filing of this opinion, file a remittitur of $69.22, with interest on that sum from the date of entering the decree in the lower court, said decree will be, and is in all else,

AFFIRMED.